531 S.E.2d 23

Anthony **KEARNEY**

v.

**COMMONWEALTH of Virginia.**

**Record No. 0080–99–1.**

Court of Appeals of Virginia,
Chesapeake.

July 18, 2000.

Robert E. Kowalsky, Jr., Chesapeake, for appellant.

Richard B. Smith, Senior Assistant Attorney General (Mark L. Earley, Attorney General, on brief), for appellee.

Present: COLEMAN, BRAY and BUMGARDNER, JJ.

COLEMAN, Judge.

Anthony Kearney was convicted in a jury trial of second degree murder and use of a firearm during the commission of a felony. He was sentenced to thirty-two years in prison for murder and three years in prison for the firearm offense. The sole issue on appeal is whether the trial judge impermissibly restricted Kearney's testimony during the sentencing phase of the bifurcated trial by refusing to allow him to testify that he had no knowledge that his friends were armed and intended to shoot anyone and that he was not involved in the shooting.

We hold that the defendant is entitled during the sentencing phase of the trial to account for or explain his participation or degree of culpability in the offense for which he has been found guilty because those facts are relevant to and have a bearing upon the appropriate punishment to be imposed for the defendant's criminal conduct. Accordingly, we find that the trial court erred in restricting Kearney's testimony; thus, we vacate the sentence and remand the case to the trial court for re-sentencing.

## BACKGROUND

On the day of the shooting, Kearney had an argument with Maurice Frances in the parking lot of a convenience store. After arguing, Kearney drove away in a Honda Accord accompanied by Talib Aekins and Stanley Heyward. They then picked up Antion Boyd, and the four men returned to the convenience store parking lot looking for Frances. At that point, one of the men in the Honda reported that he saw a person in a Cutlass automobile whom he had seen earlier with Frances during the argument. Aekins testified that Kearney and Boyd, armed with guns, got out of the Honda and shot in the direction of the Cutlass as it sped away. Both Aekins and Heyward testified that they saw Kearney firing a gun in the direction of the Cutlass. Ricky McLean, a passenger in the Cutlass, was shot and killed.

Kearney did not testify during the guilt phase of his trial in which the jury found him guilty of second degree murder and use of a firearm in the commission of a felony. During the sentencing phase of the trial, defense counsel called Kearney and asked him whether he was "at all aware that people were going to pull out guns and start shooting?" The prosecutor objected to the question, and the trial judge sustained the objection.

## ANALYSIS

■ Kearney argues that the trial judge erred in limiting his testimony during the penalty phase of the trial by not permitting him to explain or give his account of how the shooting occurred and of his participation or lack of participation in the shooting. He asserts that because the jury was instructed that he would be guilty of the offense if he was either a principal in the first or second degree, "it was manifestly unfair to limit his evidence that he was not the shooter or that he did not know in advance of the shooting."

■ Code § 19.2–295.1 provides that "a separate proceeding limited to the ascertainment of punishment shall be held. . . ." At the sentencing hearing, "the defendant may introduce relevant, admissible evidence *related to punishment.*" *Id.* (emphasis added). The trial court's ruling regarding the admissibility of evidence will not be disturbed on appeal absent a clear abuse of discretion. *See Commonwealth v. Shifflett*, 257 Va. 34, 44, 510 S.E.2d 232, 236–37 (1999). In determining whether evidence is relevant to punishment under Code § 19.2–295.1, the trial judge may consider the factors set forth in Code § 19.2–264.4(B). *See id.* at 44, 510 S.E.2d at 236. Code § 19.2–264.4 provides, in pertinent part, that "[e]vidence which may be admissible . . . may include the circumstances surrounding the offense, the history and background of the defendant, and any other facts in mitigation of the offense." Code § 19.2–264.4(B). Mitigating evidence includes " 'extenuating circumstances tending to explain, but not excuse, [the defendant's] commission of the crime.' " *Shifflett,*

257 Va. at 43, 510 S.E.2d at 236 (quoting *Coppola v. Commonwealth,* 220 Va. 243, 253, 257 S.E.2d 797, 804 (1979)).

Code § 18.2–18 provides that in the case of every felony, a principal in the second degree shall be indicted, tried, convicted, and punished in all respects as if a principal in the first degree. However, the "circumstances surrounding the offense" and the degree of culpability or participation in a criminal enterprise are factors that the fact finder may consider in determining an appropriate sentence. *See* Code § 19.2–264.4(B). Thus, evidence that proves "the circumstances surrounding the offense" and shows the extent of a defendant's culpability in the crime or degree of participation in the offense is admissible in a sentencing hearing.

Here, Kearney undertook to prove "the circumstances surrounding the offense" from his perspective and to prove that he had no knowledge of his associates being armed or of their intention to shoot or harm anyone. Although a defendant who has been found guilty may not put on his "life story" as a mitigating factor for sentencing, *see Shifflett,* 257 Va. at 45, 510 S.E.2d at 237, nothing could be more germane and relevant to sentencing than the extent of the defendant's involvement in planning or his participation in a crime. As the Supreme Court pointed out in *Shifflett,* "this is not a one-way street extending only in the defendant's direction." After the defendant introduces evidence at the sentencing hearing proving the "circumstances surrounding the offense," including his participation or lack thereof in planning or committing the offense, the Commonwealth, in rebuttal, can prove or reemphasize the "circumstances surrounding the offense" and the degree of the defendant's participation and culpability in the offense. *See* Code § 19.2–295.1. Moreover, the statute expressly recognizes that the defendant shall not be prevented from introducing relevant rebuttal of the Commonwealth's evidence. *See id.* Furthermore, by analogy, when a defendant pleads guilty, he unquestionably would be entitled at the sentencing hearing to explain his limited culpability or lack of participation in the commission of the crime. We see no

reason that an accused, who has been found guilty by a jury, should be denied the opportunity to testify at sentencing concerning the "circumstances surrounding the offense." We hold that the trial court erred by not permitting the defendant to testify.

Accordingly, we reverse and vacate the judgment of conviction insofar as the sentence for second degree murder is concerned, and we remand that case to the trial court for re-sentencing for that offense. We affirm the conviction and sentence for the firearm offense.

*Affirmed in part, reversed and remanded in part.*

BUMGARDNER, Judge, dissenting.

I respectfully dissent. The issue is whether the question posed—"were you at all aware that people were going to pull out guns and start shooting?"—would elicit an answer tending to explain or tending to excuse the defendant's crime. The question suggests a desired answer that would refute the existence of the intent required for murder whether as a principal in the first or second degree. Such testimony would excuse or deny guilt.

I would find the trial court properly exercised its discretion in sustaining the objection to the question posed. The defendant made no proffer to clarify his purpose or his question. Without such a timely proffer, I could not say the trial court clearly abused its discretion without recasting the evidence or putting a different twist on the question presented to the trial court. *See Commonwealth v. Shifflett,* 257 Va. 34, 44, 510 S.E.2d 232, 237 (1999).