COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Bumgardner and Senior Judge Hodges
Argued at Chesapeake, Virginia


MICHAEL REESE PAINTER
                                        MEMORANDUM OPINION[*] BY
v.    Record No. 1953-00-2              JUDGE RICHARD S. BRAY
                                            APRIL 10, 2001
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                       James F. D'Alton, Jr., Judge

          Mary Katherine Martin, Senior Assistant
          Public Defender, for appellant.

          Virginia B. Theisen, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     A jury convicted Michael Reese Painter (defendant) of

voluntary manslaughter, "as a principal in the second degree," and

possession of a firearm by a convicted felon, violations of Code

§§ 18.2-32 and -308.2, respectively.  On appeal, defendant

challenges the sufficiency of the evidence to support the

voluntary manslaughter conviction.  Finding no error, we affirm

the trial court.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Reviewing the sufficiency of the evidence, we consider the record "in the light most favorable to the Commonwealth, giving it all reasonable inferences fairly deducible therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998) (citation omitted). "[T]he fact finder is not required to accept entirely either the Commonwealth's or the defendant's account of the facts [but] . . . may reject that which it finds implausible, [and] accept other parts which it finds believable." Pugilese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993) (citation omitted). Thus, the credibility of the witnesses, the weight accorded testimony, and the inferences drawn from proven facts are matters to be determined by the fact finder. Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). The judgment of the trial court will not be disturbed unless plainly wrong or unsupported by the evidence. See Code § 8.01-680.

Viewed accordingly, the instant record discloses that, on October 27, 1998, Bruce Smith, his mother, Marzella Smith, and Michael Lassiter traveled to defendant's residence in Bruce Smith's "dump truck," following defendant's unannounced departure from a "job," undertaken with Bruce Smith, in Wilmington, North Carolina. Smith and Lassiter approached the house, knocked at the door and were admitted by defendant's son, Lacy Painter. Upon encountering defendant, Smith inquired into his conduct, asked,

-

"don't you want to goddam work," and demanded defendant return fifty dollars advanced to him by Smith. When an argument ensued between the two men, Lassiter returned to the truck.

Shortly thereafter, Lassiter observed Smith "rushing out of the door in a hurry, defendant behind him with a rifle." Lassiter described defendant as "hysterical," "screaming at the top of his voice," threatening to "kill all of us if we didn't get out of there." While pursuing Smith, defendant "aimed" the rifle at Lassiter and Marzella Smith, then seated in the truck, and fired "three to four shots," several striking the vehicle. Fearful, Lassiter and Marzella Smith exited the truck, pleading with defendant not to shoot Smith and to permit everyone to leave unharmed.

Suddenly, Lacy Painter appeared and came "across the yard with a pit bull on a chain."[1] Defendant "hand[ed] Lacy the rifle, and Lacy handed [defendant] the pit bull." Once armed with the weapon, Lacy Painter began "running around the yard" to the side of Smith, while defendant remained "in front" with the dog. As Lassiter attempted to "turn [the truck] around to leave," Smith and his mother stepped away from the vehicle and raised their hands in submission. Nevertheless, Lacy Painter, then "standing behind a tree," shot and mortally wounded Smith with the rifle

---

[1] Lassiter recalled numerous pit bull dogs were "lined up on each side of the yard," barking, "just hysterical." Defendant was aware the dog would "tear up" Smith if given the opportunity.

provided by defendant. Following the killing, defendant secreted the murder weapon but, after "some discussion" with police, led investigators to its location. The instant prosecution, conviction and appeal followed.

## II.

"Code § 18.2-18 provides that in the case of every felony, a principal in the second degree shall be indicted, tried, convicted, and punished in all respects as if a principal in the first degree." Kearney v. Commonwealth, 32 Va. App. 790, 794, 531 S.E.2d 23, 25 (2000).

> "To show an accused guilty of a crime as a principal in the second degree, the Commonwealth must show that the accused was present, aiding and abetting, and intended his or her words, gestures, signals, or actions to in some way encourage, advise, urge, or in some way help the person committing the crime to commit it."

Bass v. Commonwealth, 31 Va. App. 373, 389, 523 S.E.2d 534, 542 (2000) (citation omitted).

"Voluntary manslaughter is defined as an intentional killing committed while in the sudden heat of passion upon reasonable provocation." Turner v. Commonwealth, 23 Va. App. 270, 274, 476 S.E.2d 504, 506 (1996).

In challenging the sufficiency of the evidence, defendant advances two arguments. First, he contends that acquittal on a companion indictment, which alleged he fired a weapon at an occupied vehicle, constituted a factual finding that he did not

-

intend for Smith to be shot.  However, "[w]here a jury renders inconsistent verdicts, 'a search of the trial record in an attempt to reconcile such inconsistency is neither appropriate nor required.'"  Akers v. Commonwealth, 31 Va. App. 521, 529, 525 S.E.2d 13, 17 (2000) (citation omitted).  "As long as the evidence supports both verdicts, they 'will be upheld, despite the apparent inconsistency.'"  Id. (citation omitted).

Secondly, defendant maintains that, as a matter of law, it is not "possible" for a person to be guilty of voluntary manslaughter as a principal in the second degree.  However, "the authorities generally fully support the proposition that there may be aiders and abettors in manslaughter."  Campbell v. Commonwealth, 130 Va. 741, 745, 107 S.E. 812, 813 (1921).  Moreover, Code § 18.2-18 does not exclude manslaughter from those felonies embraced by the statute.

Reviewing the substantive evidence in support of the conviction, the record established that defendant, enraged, chased Smith from his house, pursued him with a loaded rifle and fired several rounds into his truck, then occupied by Smith's mother and Lassiter, all while loudly threatening to kill him.  In the midst of defendant's violent assault, his son, Lacy Painter, clearly aware of the emotionally charged and dangerous circumstances then prevailing, appeared on the scene, tethering a vicious dog. Defendant and his son immediately exchanged the dog for the weapon and, while defendant continued to confront and distract Smith,

-

Lacy Painter moved to an area at Smith's side, eventually positioning himself behind a tree before firing the fatal shot. Following the homicide, defendant regained possession of the weapon and secreted it behind his home.

Such evidence establishes beyond a reasonable doubt that defendant, cognizant of Lacy Painter's mindset, encouraged and assisted him in killing Smith, by assuming responsibility for the dog, providing the murder weapon, and continuing to engage Smith, thereby permitting Lacy Painter to stalk and kill his victim. Such conduct clearly proved beyond a reasonable doubt that defendant aided and abetted his son in the voluntary manslaughter of Smith. Accordingly, we affirm the trial court.

<u>Affirmed</u>.

-