UPON A REHEARING EN BANC
BUMGARDNER, Judge.
A jury convicted Anthony Kearney of second degree murder and use of a firearm in the commission of a felony. A divided *108 panel of this Court reversed and remanded the murder charge for re-sentencing but affirmed the conviction for use of a firearm. Kearney v. Commonwealth, 32 Va.App. 790, 531 S.E.2d 23 (2000). We granted the Commonwealth a hearing en banc and stayed the mandate of the panel decision. Upon rehearing, we affirm the trial court and vacate the mandate and opinion of the panel.
The defendant and Maurice “Noodles” Frances argued in the parking lot of a convenience store. The defendant and his companions left but later returned to the area looking for Noodles. One of the group recognized someone in a car stopped at a stop sign as having been with Noodles earlier. The defendant and another person shot at the vehicle and killed a passenger. Two of the defendant’s companions testified the defendant had fired at the victim’s car.
The defendant did not testify during the guilt phase of his trial but did during the sentencing phase. Defense counsel asked, “[0]n the day of the shooting, were you at all aware that people were going to pull out guns and start shooting?” The Commonwealth objected, a bench conference followed, and the trial court sustained the objection. Defense counsel stated, “Judge, I don’t really have anymore questions.” The defendant made no proffer of his answer.
The sole issue is whether the trial court erred in sustaining the objection to the question posed to the defendant during the sentencing phase of his bifurcated jury trial. The defendant may present mitigating evidence, which tends to explain, but not excuse, the crime. Commonwealth v. Shifflett, 257 Va. 34, 44, 510 S.E.2d 232, 236 (1999). He may not argue or present evidence of “residual doubt” at the sentencing phase of the trial. Atkins v. Commonwealth, 260 Va. 375, 381, 534 S.E.2d 312, 316 (2000) (citing Stockton v. Commonwealth, 241 Va. 192, 211, 402 S.E.2d 196, 207, cert. denied, 502 U.S. 902, 112 S.Ct. 280, 116 L.Ed.2d 231 (1991)), petition for cert. filed, (Feb. 1, 2001) (No. 00-8452).
Defense counsel made no proffer of the defendant’s anticipated testimony or the evidence he wished to present. *109 Failure to make such a proffer precludes appellate review of this claim. Spencer v. Commonwealth, 238 Va. 563, 570, 385 S.E.2d 850, 854 (1989), cert. denied, 493 U.S. 1093, 110 S.Ct. 1171, 107 L.Ed.2d 1073 (1990). The defendant concedes he made no proffer but maintains a proffer was not necessary because the answer was apparent from the question. As stated in O’Dell v. Commonwealth, 234 Va. 672, 697, 364 S.E.2d 491, 505, cert. denied, 488 U.S. 871, 109 S.Ct. 186, 102 L.Ed.2d 154 (1988), “[w]e will not speculate what the [questions and] answer[s] might have been.”
The defendant also maintains his allocution sufficed as a proffer,[1] but his allocution followed submission of the case to the jury. We consider the proffer as made to the trial court before the jury retired. Shifflett, 257 Va. at 45, 510 S.E.2d at 237.
The question posed to the defendant could have elicited either mitigating or excusing evidence. The defendant made no proffer to clarify his question or his purpose. Without such a timely proffer, we cannot say the trial court clearly abused its discretion in sustaining the objection to the question posed. “[A] trial court’s discretionary ruling on this issue should not be disturbed on appeal absent a clear abuse of discretion,” Id. at 44, 510 S.E.2d at 237 (citation omitted). Accordingly, we affirm the trial court.

Affirmed.

. At the post-trial sentencing before the trial court imposed judgment, the defendant took the stand to testify. Then, he invoked the Fifth Amendment and did not testify other than to say he was innocent. The allocution followed but was not under oath or subject to cross-examination and primarily denied guilt.