COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Clements and McClanahan
Argued at Salem, Virginia


REGINALD L. HUMPHRIES

                                     MEMORANDUM OPINION[*] BY
v.       Record No. 1209-04-3       JUDGE ELIZABETH A. McCLANAHAN
                                        SEPTEMBER 6, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
Frank A. Hoss, Jr., Judge Designate

Lee R. Taylor (Spencer & Taylor, LLP, on brief), for appellant.

Michael T. Judge, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Reginald L. Humphries appeals his conviction after a bench trial of second-degree murder.[1] He maintains the trial court improperly excluded evidence that he suffered Acute Stress Disorder after the beating that resulted in the death of David Lewis Fisher. Concluding the trial court did not err, we affirm.

I. Background

We view the evidence in the "light most favorable" to the Commonwealth. Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (citation omitted). Humphries appeared at the Rockbridge County Sheriff's Office and reported a fight with David Lewis Fisher, the victim, the previous night at his automobile repair shop. He reported that he

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] With the exception of the hearings on the Motion for New Trial and sentencing, the Honorable George E. Honts, III, presided over the proceedings addressed in this opinion.

had hit the victim with a two-inch by three-inch board, dragged his body outside, and left his shop.

Investigators found the body in the ditch where Humphries said he had left it. Fisher was dead. He received numerous head injuries to five distinct areas: the forehead, the left back of his head, the right back of his head, the right cheek and jaw areas, and the top of his scalp. He also received various other injuries to the body. Many of the injuries were consistent with having been struck by the standard. He died within a few minutes of being beaten.

Humphries gave several statements to the police that varied as to who struck the first blow, how many blows were struck, and where the blows landed. At trial, the defendant asserted self-defense. He testified that Fisher swung at him twice with the standard and was about to swing a third time when Humphries shoved him backwards. Fisher fell "face down" on a piece of iron. Humphries sought to introduce expert and lay testimony that he suffered Acute Stress Disorder after the fight. The trial court excluded that testimony.

## II. Analysis

The issues in the case were whether Humphries killed with malice and whether he acted in self-defense. Malice inheres in the intentional doing of a wrongful act without legal justification or excuse. Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 475-76 (1989). "Malice is implied by law from any willful, deliberate and cruel act against another." Aldridge v. Commonwealth, 44 Va. App. 618, 658, 606 S.E.2d 539, 559 (2004) (citation omitted). The evidence established that Humphries struck Fisher in the head at least five times. Two of the blows were with a wooden post to the back of the head that caused severe injuries and resulted in death minutes afterwards. The trier of fact could infer malice from the nature of the killing. See Epperly v. Commonwealth, 224 Va. 214, 231, 294 S.E.2d 882, 892 (1982); Near

v. Commonwealth, 202 Va. 20, 32, 116 S.E.2d 85, 93 (1960); Davidson v. Commonwealth, 167 Va. 451, 458, 187 S.E. 437, 440 (1936).

Humphries proffered expert and lay testimony that he suffered Acute Stress Disorder. The proffer arose during a defense motion to allow Dr. Thomas V. Ryan to remain in the courtroom.[2] The defense maintained that the Commonwealth would argue that Humphries' conduct after the killing permitted an inference that malice existed at the time of the killing. The Commonwealth stated it was not going to make such a claim.

Humphries argues on appeal, "[t]he great weight of the evidence upon which the court based its finding of malice was the behavior of Humphries after the incident." He maintains the excluded evidence of his Acute Stress Disorder explained that his post-incident conduct and statements were not an indicia of his malice at the time of the offense.[3] However, the record reflects that the Commonwealth never argued his conduct after the fact was indicia of malice at the time of the slaying and the trial court did not base its finding of malice on Humphries' conduct after the fight.

The purpose for which the evidence was offered and for which it might have been relevant did not occur. The Commonwealth never claimed that Humphries' post-incident conduct implied that he killed with malice, and the trial court never inferred malice from his

---

[2] In his written proffer filed after the trial, Humphries summarized the testimony of a clinical psychologist, Dr. Daniel Shybunko. At trial, Humphries never proffered Dr. Shybunko's anticipated testimony and never even presented him as a witness in the case. "Failure to make such a proffer precludes appellate review of this claim." Kearney v. Commonwealth, 36 Va. App. 106, 109, 549 S.E.2d 1, 2 (2001); see Commonwealth v. Shifflett, 257 Va. 34, 44-45, 510 S.E.2d 232, 237 (1999).

[3] Humphries also contends, on appeal, that the proffered expert testimony of Dr. Ryan and lay testimony of Reverend Justin Thomas about his purported mental disorder would establish his credibility and explain the inconsistencies in his post-incident statements. Humphries failed to assert at trial that the proffered evidence was submitted in support of Humphries' credibility. See Shifflett, 257 Va. at 44-45, 510 S.E.2d at 237. Accordingly, this issue has been waived. See Rule 5A:18.

post-incident conduct. To the extent the defendant argues that the evidence of Acute Stress Disorder shows that his actions after the killing were without malice, it was not relevant. Humphries' state of mind after the slaying was not an issue.[4] "'A trial court's exercise of its discretion in determining whether to admit or exclude evidence will not be overturned on appeal absent evidence that the trial court abused that discretion.'" Wright v. Kaye, 267 Va. 510, 517, 593 S.E.2d 307, 310 (2004) (quoting May v. Caruso, 264 Va. 358, 362-63, 568 S.E.2d 690, 692 (2002)).

Malice is a "question of fact to be determined by the trier of fact." Bell v. Commonwealth, 11 Va. App. 530, 533, 399 S.E.2d 450, 452 (1991) (citation omitted); see also Doss v. Commonwealth, 23 Va. App. 679, 685, 479 S.E.2d 92, 95 (1996) (citation omitted). The physical and medical evidence overwhelmingly supported the trial court's conclusion that Humphries acted with malice when he caused the injuries which killed Fisher. The evidence of the force and violence used to inflict the injuries that killed Fisher established malice without relying on an inference arising from his post-incident conduct.

The trial court also found that the physical and medical evidence failed to support Humphries' claim of self-defense. "Self-defense is an affirmative defense which the accused must prove by introducing sufficient evidence to raise a reasonable doubt about his guilt." Smith v. Commonwealth, 17 Va. App. 68, 71, 435 S.E.2d 414, 416 (1993) (citation omitted). Humphries bore the burden of proving that Fisher's conduct justified the killing. Lynn v. Commonwealth, 27 Va. App. 336, 352, 499 S.E.2d 1, 9 (1998) (defendant has burden of proving self-defense).

---

[4] Inherent in the crime of second-degree murder is the notion that malice must have existed at the time of the killing. See Essex v. Commonwealth, 228 Va. 273, 280-81, 322 S.E.2d 216, 220 (1984); Lynn v. Commonwealth, 27 Va. App. 336, 351, 499 S.E.2d 1, 8 (1998). Malice must "be present for the first time at the time of the killing, or at any time previous thereto." Martin v. Commonwealth, 143 Va. 479, 486, 129 S.E. 348, 350 (1925).

The only evidence supporting a claim of self-defense was Humphries' statements to police and his testimony at trial. The trial court was free to disregard the defendant's evidence of self-defense, and was not required to accept the defendant's self-serving testimony. See Daung Sam v. Commonwealth, 13 Va. App. 312, 320, 411 S.E.2d 832, 837 (1991); Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988); Bell v. Commonwealth, 2 Va. App. 48, 56, 341 S.E.2d 654, 658 (1986).

The evidence showed that Fisher was struck at least five times with the wooden post though Humphries testified he only struck Fisher twice while the two were facing each other. Humphries' testimony that Fisher fell face first on an iron bar on the floor failed to explain the injuries to the back of Fisher's head. As the trial court noted, "the most compelling thing . . . that one must conclude [is] that two blows to the back of the head is hardly consistent with [ ] self-defense."

"To justify the use of deadly force, the defendant must have reasonably feared death or serious bodily injury from his victim, and there must have been an overt threat." Peeples v. Commonwealth, 30 Va. App. 626, 634, 519 S.E.2d 382, 386 (1999). "Whether an accused proves circumstances sufficient to create a reasonable doubt that he acted in self-defense is a question of fact." Smith, 17 Va. App. at 71, 435 S.E.2d at 416. The physical and medical evidence does not support a claim that Humphries attacked Fisher in self-defense upon reasonable fear of death or serious bodily injury. "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

### III.  Conclusion

The judgment of the trial court is affirmed.

<u>Affirmed.</u>