COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Kelsey and Haley
Argued by teleconference


LORENA MARISOL ESCALANTE

MEMORANDUM OPINION[*] BY
v.        Record No. 1051-09-4                JUDGE JAMES W. HALEY, JR.
                                                 AUGUST 17, 2010

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Mary Grace O'Brien, Judge

(Mufeed W. Said; Mufeed W. Said, P.L.L.C., on brief), for
appellant.

Alice T. Armstrong, Assistant Attorney General II (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


I.  INTRODUCTION

Appealing her conviction for perjury in violation of Code § 18.2-434, Lorena Marisol

Escalante argues the trial court erred in precluding her from questioning two police officers,

another witness, and herself concerning the potential bias of the two officers.  We hold Escalante

failed to sufficiently proffer how the two officers would have testified.  We also hold the

challenges to the exclusion of testimony from Escalante and the other witness barred by Rule

5A:12(c).  Accordingly, we affirm.

II.  BACKGROUND

Given the issues in dispute and our disposition of this case, the relevant facts may be

succinctly stated.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

A grand jury indicted Escalante for perjury arising from testimony she gave in the criminal case of another defendant on March 19, 2008. A jury trial was held on January 21, 2009.

During cross-examination of Police Officer Andrew Shumate, defense counsel asked whether Shumate had become frustrated that Escalante's son had been acquitted of a disorderly conduct charge on May 5, 2008. The following dialogue occurred:

> [DEFENSE COUNSEL]: Frustrated about that a little bit again based on his behavior toward you and the police department?
>
> [SHUMATE]: Was I?
>
> [PROSECUTOR]: Objection, irrelevant.
>
> THE COURT: Sustained.
>
> [DEFENSE COUNSEL]: If I may respond, please?
>
> THE COURT: Sure.
>
> [DEFENSE COUNSEL]: Your Honor, it goes to bias. Part of my argument is that one of the reasons that this charge was brought against my client is because of the frustration with the police department with her son.

When the court continued to sustain the objection, defense counsel requested and received permission to make a proffer. Counsel stated: "My follow up questions to him are going to confirm that he talked to Officer Porter after the May 5 hearing. In fact, the warrant of arrest brought against Lorena Escalante was brought two days after the hearing date on May 5."[1] Counsel later continued: "Your Honor, it goes to his basis for having talked to Officer Porter and the discussions they had between them."

During cross-examination of First Sergeant Michael Porter, defense counsel attempted to inquire about contacts Porter had with Shumate. The following took place:

---

[1] Porter obtained a warrant for Escalante's arrest for perjury on May 7, 2008.

[DEFENSE COUNSEL]:  In fact, do you recall [Shumate] complaining to you, saying that [Escalante's son] was a problem?

[PROSECUTOR]:  Objection, relevance.

THE COURT:  How is that relevant . . .?

[DEFENSE COUNSEL]:  Your Honor, again it goes to my position that my client was charged arising out of this because of her son's behavior.

The Court sustained the objection.  Counsel then made the following proffer:

My proffer would be this -- and frankly I think that the Court actually has some additional information based on what you've heard from a witness earlier about what Officer Shumate said to one of the other witnesses there.

They consider [Escalante's son] to be a big problem.  He got off and literally two days after the fact . . . the warrants were obtained for . . . his mother and not against [another defendant] who Officer Porter alleges perjured himself at the hearing on March 19.

It is because my client is being -- the argument I can make to the jury is my client is being prosecuted because of their frustrations with . . . her son.

I will also tell the Court this.  I think some of our evidence is going to indicate that when she was arrested, Officer Shumate and Officer Harris said she was being charged because of her son that was causing all kinds of problems, or something along those lines.

During the defense case, defense counsel recalled Michelle Surdam as Escalante's own witness who had testified for the Commonwealth.  Counsel sought to question her concerning a conversation she had with Shumate outside the courtroom after Shumate testified, where Shumate stated he disliked Escalante's family and said Escalante "is here because of" her son. However, upon objection, the court excluded the testimony, finding it not relevant and potentially distracting to the jury.

When Escalante testified, her counsel sought to question her about what Shumate said when he arrested her. However, the court sustained a hearsay objection.

The jury convicted Escalante, and she now appeals.

## III. ANALYSIS

### A. Testimony of Shumate and Porter

The Commonwealth maintains Escalante failed to proffer how Shumate and Porter would have testified at trial and so has not preserved her objections for appeal. We agree.

Where a trial court sustains an objection to testimony, a party must provide a proper proffer to preserve the issue of the excluded testimony for appeal. Whittaker v. Commonwealth, 217 Va. 966, 968, 234 S.E.2d 79, 81 (1977). Proffers may come by an unchallenged assertion of counsel, a mutual stipulation of the parties, or testimony outside the presence of the jury. Id. at 969, 234 S.E.2d at 81.

A proffer allows an appellate court to determine whether the exclusion of testimony prejudiced a party. Graham v. Cook, 278 Va. 233, 249, 682 S.E.2d 535, 544 (2009). In this regard, the proffer provides a complete record for review. Wyche v. Commonwealth, 218 Va. 839, 843, 241 S.E.2d 772, 775 (1978). "Absent a proffer showing 'harm was done,' we are 'forbidden to consider the question.'" Ray v. Commonwealth, 55 Va. App. 647, 650, 688 S.E.2d 879, 881 (2010) (quoting Scott v. Commonwealth, 191 Va. 73, 78-79, 60 S.E.2d 14, 16 (1950)). An appropriate proffer includes the witness' "expected answer." Owens v. Commonwealth, 147 Va. 624, 630, 136 S.E. 765, 767 (1927). It gives a record of "what the testimony would have been." Holles v. Sunrise Terrace, Inc., 257 Va. 131, 135, 509 S.E.2d 494, 497 (1999). It is not sufficient that a party proffer "merely his theory of the case" rather than the substance of the excluded testimony. Tynes v. Commonwealth, 49 Va. App. 17, 21, 635 S.E.2d 688, 690 (2006).

The requirement of a proffer applies to testimony excluded on cross-examination. King v. Cooley, 274 Va. 374, 380, 650 S.E.2d 523, 527 (2007). While leading questions may suggest an answer, they do not suffice as a proffer. Cf. Norfolk & W. Ry. Co. v. Arrington, 131 Va. 564, 568, 109 S.E. 303, 305 (1921) (explaining that "[i]t is, however, not fair, even upon cross-examination, for attorneys to assume that a witness has made a statement which he has not made, and such a practice should be firmly restrained by the trial courts"). This Court will not "'speculate what the answer might have been.'" Tynes, 49 Va. App. at 22, 635 S.E.2d at 690 (quoting O'Dell v. Commonwealth, 234 Va. 672, 697, 364 S.E.2d 491, 505 (1988)). "To be sure, even when 'we are not totally in the dark concerning the nature of the evidence,' we still must 'know enough about the specifics' to be able to 'say with assurance'" that error occurred. Id. (quoting Smith v. Hylton, 14 Va. App. 354, 358, 416 S.E.2d 712, 715 (1992)). If a party does not know how a witness would answer so as to simply state what the answer would have been to the court, the party should take the testimony outside the presence of the jury. Whittaker, 217 Va. at 969, 234 S.E.2d at 81. A proffer from testimony outside the presence of the jury has understandably been described as preferable since it provides the most clear, complete record. See id.; see also Brown v. Commonwealth, 246 Va. 460, 465, 437 S.E.2d 563, 565 (1993).

The case of Kearney v. Commonwealth, 36 Va. App. 106, 549 S.E.2d 1 (2001) (*en banc*), clearly demonstrates how a party must proffer nothing less than a witness' expected testimony. A jury convicted the defendant of murder by shooting a person. Id. at 107, 549 S.E.2d at 1. During testimony from the defendant in the sentencing phase, defense counsel asked: "On the day of the shooting, were you at all aware that people were going to pull out guns and start shooting?" Id. at 108, 549 S.E.2d at 2. The prosecution objected, and the trial court sustained the objection. Id. The defendant did not proffer his testimony. Id. On appeal, the defendant admitted he failed to make a proffer, but argued a proffer was unnecessary given the obvious

answer.  Id. at 109, 549 S.E.2d at 2.  This Court disagreed, finding a proffer absolutely necessary.  Id.

In this case, Escalante did not provide an appropriate proffer for the excluded testimony of Shumate or Porter.  When the court refused to allow Escalante to ask Shumate whether he was frustrated, Escalante only stated the question tended to establish bias as the reason the perjury charge was brought and that Shumate spoke with Porter shortly before Escalante was charged with perjury.  Escalante did not proffer an answer to the question of how Shumate would respond to the question about his frustration.  When the court did not permit Escalante to inquire of Porter whether Shumate complained to him about Escalante's son, the purported proffer was the defense theory of the case.  Counsel told the court that "my client is being prosecuted because of their frustrations with" her son.  While counsel also stated that the police thought the son was "a big problem," this was not a proffer of how Porter would respond to the question, but rather part of an explanation of the defense theory.[2]  It did not indicate Shumate expressed these views to Porter.  Furthermore, although counsel mentioned other evidence would show Shumate said the son was troublesome, this did not indicate Shumate stated this to Porter.  The defense provided no proffer of how Porter would testify.  If Shumate would have testified he was not frustrated, appellant's argument of bias would fail.  Accordingly, the challenges to the excluded testimony of Shumate and Porter were not preserved for appeal.

## B.  Testimony of Surdam and Escalante

The Commonwealth argues Escalante failed to include the testimony of Surdam and herself in her question presented.  We agree.

---

[2] Escalante's brief agrees with this description of the significance of counsel's statement that the police thought the son was "a big problem."  The brief states this represented one of several reasons the question should have been allowed.

Under Rule 5A:12(c), this Court will only consider errors assigned in questions presented. See Painter v. Commonwealth, 47 Va. App. 225, 235-36, 623 S.E.2d 408, 413 (2005). Nonetheless, we may not invoke this rule to prevent consideration of an appeal "without considering whether a party's failure to adhere strictly to the rule's requirements is insignificant, or so substantial as to preclude the court's addressing the merits of the case." Moore v. Commonwealth, 276 Va. 747, 753, 668 S.E.2d 150, 154 (2008).

Escalante's question presented asks: "Whether the Court erred by not allowing defense counsel to cross-examine Commonwealth's witnesses concerning their bias in the case?"

The testimony of Escalante, the defendant, was obviously not from a Commonwealth witness, nor did it involve cross-examination by defense counsel. We conclude this failure to argue under the question presented is significant and operates as a waiver of the contention. See id. at 754, 668 S.E.2d at 154.

The excluded testimony of Surdam came when the defense recalled her after she testified for the Commonwealth. The recall made Surdam a defense witness on direct examination. See Smith v. Stanley, 114 Va. 117, 122, 75 S.E. 742, 744 (1912); Charles E. Friend, The Law of Evidence in Virginia § 3-9 (5th ed. 1999). Although Surdam came to court at the request of the Commonwealth, our review of the record indicates the testimony defense counsel sought to elicit fell outside the scope of direct examination during Surdam's initial testimony for the Commonwealth. This means defense counsel could not have gained the information from cross-examination instead of recalling her. Furthermore, the Commonwealth has not conceded the Rule 5A:12(c) issue, but instead seeks its enforcement, which represents an important concern. See Moore, 276 Va. at 756, 668 S.E.2d at 155; see also Carroll v. Commonwealth, 54 Va. App. 730, 740, 682 S.E.2d 92, 97 (2009). Under these circumstances, we conclude Escalante has

significantly failed to comply with the rule and has waived this issue.  See <u>Moore</u>, 276 Va. at

754, 668 S.E.2d at 154.

     For the foregoing reasons, the judgment of the trial court is affirmed.

<u>Affirmed.</u>