COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Decker, Judges Malveaux and Causey
Argued at Richmond, Virginia


TYJUAN DECOURTLAND EPPS

            MEMORANDUM OPINION* BY
v.  Record No. 1149-22-2    CHIEF JUDGE MARLA GRAFF DECKER
               JUNE 20, 2023
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
Lynn S. Brice, Judge

(Michael Lee; Lee & Associates, PLC, on brief), for appellant.
Appellant submitting on brief.

Craig W. Stallard, Senior Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


Tyjuan Decourtland Epps appeals his convictions, following a jury trial, for first-degree

murder, use of a firearm while committing murder, and maliciously shooting at an occupied vehicle,

in violation of Code §§ 18.2-32, -53.1, and -154. The appellant asserts that the trial court abused its

discretion when it sustained the Commonwealth's hearsay objection during his cross-examination of

an eyewitness. For the following reasons, we disagree, and we affirm the convictions.

BACKGROUND[1]

The appellant and Ashley White lived together for three years and had a son together. Their

relationship was tumultuous. In March 2021, White ended the relationship and rekindled a prior

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

[1] On review, the appellate court "consider[s] the evidence and all reasonable inferences
fairly deducible therefrom in the light most favorable to the Commonwealth, the prevailing party at
trial." *Crawford v. Commonwealth*, 281 Va. 84, 97 (2011) (quoting *Bass v. Commonwealth*, 259
Va. 470, 475 (2000)).

relationship with Gerard Richardson, the father of her two older children. The appellant was "very upset," and he continuously called and texted White for weeks. White, by contrast, communicated with the appellant only regarding their son. In late April 2021, the appellant broke into White's apartment by "kick[ing] in the door." Once inside, he physically and sexually assaulted her and destroyed a number of her belongings. White fled and called Richardson. As White drove away, Richardson arrived, and she saw him and the appellant engage in a fight.

Later that day, the appellant texted White and threatened twice to "kill him," which White believed was a reference to Richardson. The appellant continued with a series of texts: "I swear on everything shit going to get real today." "I love you. Take care of my son, Ashley. Tonight gonna change my life forever, but I won't be disrespected." "I'm not gonna be here after tonight." "Boo, I'm going back to jail over you not be[ing] real with me."

When White returned to her apartment, she was unable to secure it due to the appellant's earlier break-in. Fearful that he would return, White and Richardson decided to stay at a hotel that night. The two drove to an area hotel and entered the lobby, as shown in security video footage. Because the couple wished to relax in a jacuzzi, however, they decided to leave that hotel and stay in a different one.

White and Richardson got into their vehicle. As Richardson pulled away from the hotel, a man in a black hoodie approached from behind and fired several shots into the driver's side window before fleeing on foot.[2] White heard glass shattering, and Richardson yelled. He was unable to continue driving, and White knew that he was hurt. A car pulled alongside them, and more shots were fired. Richardson covered White with his body. Before her view was obstructed, White saw

---

[2] White did not see the man or realize where the shots came from at the time, but she later viewed a hotel surveillance video that showed what had occurred.

the appellant's brother shooting at them. When the gunfire stopped, Richardson was bleeding. At that point, White called 911. Richardson died from the injuries he sustained in the attack.

Tiffany Ellis testified to related events. She was in her car outside a nearby restaurant waiting for her husband and a friend to finish their work shifts when she heard the sounds of gunfire and a car speeding away. A man in a black hoodie then ran up to her car and asked for a ride, stating that someone was trying to kill him. Ellis obliged the man, who "laid down on the back seat" and remained there as she drove him to his destination. He left his hoodie in the car when he got out, and Ellis later threw it away. At trial, Ellis identified the appellant as the man to whom she gave the ride.[3]

The police found seven bullet holes in the car driven by Richardson. Five bullets were recovered from various areas of the vehicle, and two bullets were removed from Richardson's body. A week after the shooting, a firearm was found in a grassy area near the crime scene. Testing determined that several bullets collected from the car could not be eliminated as having been fired from the recovered firearm. That testing also confirmed that the rest of the bullets collected had been fired from a different gun.

The appellant made a motion to strike the Commonwealth's evidence, which the trial court denied. He then called two law enforcement officers who testified about the identifications of the appellant by White and Ellis.

At the conclusion of all the evidence, the appellant renewed his motion to strike, arguing that a reasonable jury would not believe the eyewitnesses in this case. The trial court again denied the motion.

---

[3] A few weeks after the shooting, Ellis identified the appellant in a photo lineup but stated she was only "halfway" certain that the man in the photo was the man to whom she had given a ride. She explained that it was "kind of hard to tell because he looked different in the photo[]." At trial, however, she did not equivocate in her identification.

The jury convicted the appellant of all the charges. The trial court sentenced him to seventy-three years of incarceration with fifteen years suspended.

ANALYSIS

The appellant challenges the trial court's ruling restricting his cross-examination of Ashley White on hearsay grounds. He suggests that this ruling was error and improperly limited his ability to contest the accuracy of the witness's identification of him as the shooter during argument to the jury.

"It is well-settled that '[d]ecisions regarding the admissibility of evidence "lie within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion."'" *Nottingham v. Commonwealth*, 73 Va. App. 221, 231 (2021) (alteration in original) (quoting *Blankenship v. Commonwealth*, 69 Va. App. 692, 697 (2019)). "This bell-shaped curve of reasonability governing our appellate review rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." *Atkins v. Commonwealth*, 68 Va. App. 1, 7 (2017) (quoting *Thomas v. Commonwealth*, 62 Va. App. 104, 111-12 (2013)). To the extent applicable here, a trial court has abused its discretion if its decision was affected by an error of law or was one with which no reasonable jurist could agree. *Nottingham*, 73 Va. App. at 231.

The appellant argues that the trial court erred when it sustained the Commonwealth's hearsay objection to an exchange that occurred while defense counsel was cross-examining Ashley White, the victim's girlfriend. White testified that she phoned Richardson's mother and told her that he had been shot. Defense counsel asked if Richardson's mother then accused White's "boyfriend," the appellant, of being the shooter. He also asked whether Richardson's mother was yelling at White and was mad at her because her former boyfriend had shot Richardson. At this juncture, the prosecutor objected to the questioning of White on hearsay grounds. White

- 4 -

nonetheless began to answer, stating, "No. That's not what --[.]" The trial court told White to "[h]old on" and asked defense counsel if he wanted to respond to the objection. Defense counsel replied that the statement was an excited utterance. The court observed, "It's not her excited utterance, right?" Defense counsel conceded that it was not. The court said that it "th[ought]" the evidence sought was hearsay, and defense counsel replied, "Yes, Judge." The court then sustained the Commonwealth's objection.

The appellant now challenges the trial court's ruling limiting this cross-examination of White on two grounds. He first argues that the testimony he sought to elicit from White in fact was not hearsay at all. Alternatively, he suggests that even if the testimony was hearsay, the court erred by not admitting it under the excited utterance exception. We consider these claims regarding the hearsay objection and the excited utterance exception in turn.

## I. Hearsay

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Va. R. Evid. 2:801(c); *see Lawrence v. Commonwealth*, 279 Va. 490, 496 (2010) (providing that hearsay "includes testimony given by a witness who relates what others have told him"). As provided in the definition itself, evidence is not hearsay if it is not specifically offered for its truth. *See Commonwealth v. Swann*, 290 Va. 194, 197 (2015) (citing *Jenkins v. Commonwealth*, 254 Va. 333, 338 (1997)).

The appellant suggests that the answers he sought to elicit from White were not hearsay because they were not offered for the truth of the matter asserted. He contends instead that they related to "the effect the decedent's mother[s act of] yelling at White could have had on White's later identification of the [a]ppellant as the shooter." According to the appellant, the answers were admissible to help the fact finder understand White's subsequent conduct.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to . . . attain the ends of justice." Among the recognized purposes of the rule are "enabl[ing] the trial judge to rule intelligently" and "avoid[ing] unnecessary reversals." *Bethea v. Commonwealth*, 297 Va. 730, 744 (2019) (quoting *Palmer v. Atl. Coast Pipeline, LLC*, 293 Va. 573, 579 (2017)). Additionally, the "*precise* nature of the objection must be clear because '[m]aking one specific argument on an issue does not preserve a separate legal point on the same issue for [appellate] review.'" *Belcher v. Commonwealth*, 75 Va. App. 505, 524 (2022) (quoting *Mollenhauer v. Commonwealth*, 73 Va. App. 318, 329-30 (2021) (alterations in original)). The trial judge must "know the *particular* point being made in time to do something about it." *Bethea*, 297 Va. at 743 (emphasis added) (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)).

Here, in the trial court, defense counsel contended only that the testimony he sought to elicit from White was admissible under *an exception* to the hearsay rule. He did not suggest that the statements were not hearsay in the first instance or, more specifically, that they were not offered for the truth of the matter asserted. In fact, just prior to its ruling, when the trial court responded that it "th[ought]" the evidence sought was inadmissible hearsay because the excited utterance exception did not apply, defense counsel replied simply, "Yes, Judge." On these facts, we hold that the appellant failed to preserve for appeal the claim that his cross-examination was improperly limited because the evidence he sought to elicit did not fall within the definition of hearsay.

The appellant asks this Court to apply the ends-of-justice exception to Rule 5A:18 to reach his unpreserved claim. However, he provides no analysis explaining why the limited exception should be applied, and he cites no law in support of his request.[4] *See* Rule 5A:20(e) (providing that

---

[4] The appellant argues only that the limitation on this line of questioning was not harmless because, as a result of the exclusion, he was unable to "argu[e] that [White's]

- 6 -

"[w]hen [an] assignment of error was not preserved in the trial court, counsel must state *why* the good cause and/or ends of justice exceptions to Rule 5A:18 are applicable" and include supporting "principles of law" and "authorities" (emphasis added)); *Jay v. Commonwealth*, 275 Va. 510, 518-20 (2008) (permitting the appellate court to hold that an assignment of error is waived when a failure to comply with Rule 5A:20(e) is not "insignificant"); *cf. Startin v. Commonwealth*, 56 Va. App. 26, 30 n.1 (2010) (en banc) (holding under Rule 5A:20(e) that the Court was "unable to consider the merits of" the appellant's claim where he "asked th[e] Court to invoke the ends of justice exception" to consider a sufficiency argument but "did not brief [the merits] argument"), *aff'd on other grounds*, 281 Va. 374, 379 (2011).

In any event, the record does not meet the standard for applying the exception, which "is narrow and is to be used sparingly." *See Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (en banc) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 220 (1997)). To determine whether the ends-of-justice exception applies, the appellate court considers "whether the failure to apply the [exception] would result in a grave injustice." *Williams v. Commonwealth*, 294 Va. 25, 27-28 (2017) (per curiam) (quoting *Commonwealth v. Bass*, 292 Va. 19, 27 (2016)). It applies in circumstances in which a defendant was convicted of conduct that was not a criminal offense, "the record . . . affirmatively prove[s] that an element of the offense did not occur," or the trial court clearly erred by failing to adhere to a "crucial" procedure. *West v. Commonwealth*, 43 Va. App. 327, 338 (2004) (alterations in original) (quoting *Herring v. Herring*, 33 Va. App. 281, 287 (2000)). "It is never enough for the defendant to merely assert a winning argument on the merits—for if that were enough[,] procedural default 'would never apply, except when it does not matter.'" *Winslow*

---

identification of [him as the shooter] m[ight] have been influenced by the decedent's mother['s statement]," causing White to implicate him incorrectly.

*v. Commonwealth*, 62 Va. App. 539, 546 (2013) (quoting *Alford v. Commonwealth*, 56 Va. App. 706, 710 (2010)).

Here, the appellant suggests only that weaknesses existed in the Commonwealth's evidence identifying him as the criminal agent and that the limitations on his cross-examination of White improperly prevented him from "further challenging . . . conflicting statements . . . identifying him" as the shooter. His allegation does not meet the standard of establishing that the court erred by failing to adhere to a crucial procedure or affirmatively proving that an element of the offense did not occur. Instead, at best, it constitutes a modicum of evidence through which he could attempt to challenge the Commonwealth's significant proof on the element of identity. This is insufficient to meet the ends-of-justice standard.

Consequently, the ends-of-justice exception does not apply, and we do not consider whether the challenged evidence was admissible because it did not fall within the definition of hearsay.

## II. Excited Utterance Exception

The appellant argues that even if the answers were hearsay, they were admissible under the excited utterance exception. He suggests that the trial court erred when it determined that the statements were not excited utterances because they were not made by the witness herself.

We assume without deciding that the appellant preserved an argument that the testimony fell under the excited utterance exception. We also assume that he proffered adequate information about the basis for his objection by means of his leading questions.[5] Nonetheless, the statements that the appellant sought to elicit did not qualify as excited utterances.

---

[5] An appellate court may structure a decision to assume without deciding a point "to resolve [an] appeal on the best and narrowest grounds." *McGinnis v. Commonwealth*, 296 Va. 489, 501 (2018); *see Ali v. Commonwealth*, 75 Va. App. 16, 37 n.9 (2022). We assume without deciding that the appellant did not waive his right to raise this point on appeal by agreeing with the trial judge's ruling below that the excited utterances were not ones made by the witness. We also assume without deciding that he made an adequate proffer of the testimony he hoped to elicit due to the leading nature of his two questions immediately preceding the objection,

An excited utterance is defined as a "spontaneous or impulsive statement prompted by a startling event or condition and made *by a declarant with firsthand knowledge* at a time and under circumstances negating deliberation." Va. R. Evid. 2:803(2) (emphasis added); *see Caison v. Commonwealth*, 52 Va. App. 423, 431 (2008). Here, Richardson's mother, the declarant, did not have any firsthand knowledge about who shot her son. White, the only person who saw the appellant shoot at Richardson, was not the person who made the alleged utterances. Therefore, the mother's statements, although perhaps "spontaneous" or "impulsive" and "prompted by a startling event," do not fall within the excited utterance exception to the rule against hearsay. *See generally Hicks v. Commonwealth*, 71 Va. App. 255, 275 (2019) (recognizing that the trial court makes the findings of fact that underpin the admissibility of the evidence and the appellate court must defer to those findings unless they are plainly wrong).

Accordingly, the trial court's ruling refusing to admit the statements under the excited utterance exception was not error.

## CONCLUSION

For these reasons, the record does not support the appellant's claim that the trial court abused its discretion by excluding the challenged testimony. Accordingly, we affirm his convictions.

*Affirmed.*

---

including, "[S]he told you it was your boyfriend who shot him, right?" and "[She] was mad at you [as a result,] is that right?" *But cf. Kearney v. Commonwealth*, 36 Va. App. 106, 108-09 (2001) (en banc) (holding that defense counsel's failure to proffer the defendant's excluded testimony was error and that the appellate court could not presume "the answer was apparent from the question").