# UNITED STATES *v.* PATTERSON.

## APPEAL FROM THE COURT OF CLAIMS.

No. 951. Submitted October 20, 1893. — Decided October 30, 1893.

A commissioner of a Circuit Court of the United States is not entitled, under Rev. Stat. § 847, to compensation for hearing charges made by complaining witnesses against persons charged with violations of the laws of the United States, and holding examinations of such complaining witnesses and any other witnesses produced by them in support of their allegation, and deciding whether a warrant should not issue upon the complaint made.

Although such services are of a judicial nature, and may be required by the laws of the State in which they are rendered, they cannot be charged against the United States in the absence of a provision by Congress for their payment.

THIS was an appeal from a judgment of the Court of Claims, in favor of the claimant and against the United States. The

claimant was a commissioner of the Circuit Court of the United States for the Western District of North Carolina, and as such commissioner performed certain services for the defendants, consisting, as stated in the findings, "of hearing charges made by complaining witnesses against persons charged with violations of the laws of the United States, and holding examinations of such complaining witnesses, and any other witnesses produced by them in support of their allegation, and deciding whether a warrant should not issue upon the complaint made." For such services that court held that he was entitled to compensation at the rate of five dollars per day, and rendered judgment accordingly..

*Mr. Assistant Attorney General Dodge* and *Mr. Charles C. Binney* for appellants.

*Mr. William W. Dudley, Mr. Louis T. Michener, Mr. Richard R. McMahon,* and *Mr. George A. King* for appellee.

Mr. Justice Brewer, after stating the case, delivered the opinion of the court.

The single question presented by this record is whether the services described by the finding of the Court of Claims come within this clause of section 847 of the Revised Statutes : " For hearing and deciding on criminal charges, five dollars a day for the time necessarily employed." No opinion was filed by the Court of Claims, but the reasoning by which the majority of that court reached their conclusion seems from the briefs of counsel to have been as follows : Section 847 provides, generally, for the compensation of commissioners, some services named therein being of a clerical and some of a judicial nature. This section was considered by this court in *United States* v. *Jones,* 134 U. S. 483, and in the opinion therein, on pages 486 and 487, it was said: " The compensation of a commissioner is clearly prescribed and classified by section 847 of the Revised Statutes according to the character of the services performed. For acts purely clerical and ministerial, such as administering oaths, taking acknowledgments, taking and certifying depo-

sitions to file, or furnishing a copy of the same, specific fees are provided, and for issuing writs or warrants or other services he has the same compensation as is allowed to clerks for like services. For acts not merely clerical, but which are performed by the commissioner in his judicial capacity, his fees are regulated on a basis of per diem compensation." These services were clearly not of a clerical, but of a judicial nature. It was held in the case of *United States* v. *Ewing*, 140 U. S. 142, that, in view of section 1014 of the Revised Statutes, the law of the State in which the services are rendered must be looked at, in order to determine what is necessary in the matter of procedure; and referring to the laws of the State of North Carolina these provisions are found:

"CODE OF NORTH CAROLINA, Vol. 1, Sec. 1133. *Duty of magistrate on complaint being made to him of the commission of a crime.* — Whenever complaint shall be made to any such magistrate, that a criminal offence has been committed within this State, or without this State and within the United States, and that a person charged therewith is in this State, it shall be the duty of such magistrate to examine on oath the complainant and any witnesses who may be produced by him.

"SEC. 1134. *Duty of magistrate to issue his warrant for the arrest of the accused.* — If it shall appear from such examination that any criminal offence has been committed, the magistrate shall issue a proper warrant under his hand, with or without seal, reciting the accusation, and commanding the officer, to whom it shall be directed, forthwith to take the person accused of having committed such offence and to bring him before a magistrate, to be dealt with according to law."

Therefore, it is the duty of a commissioner, as of a committing magistrate of the State, to examine on oath the complainant and other witnesses, and, upon a consideration of such testimony, determine whether a crime has been committed, and this before issuing any warrant. It being his duty to render these services, and they being of a judicial nature, he is entitled to compensation therefor, and, by the rule laid down, on the basis of a per diem.

We are unable to concur in this reasoning. It may be con-

ceded that the services thus described are of a judicial character, and that they are required by the laws of the State of North Carolina, though for that matter substantially the same practice exists elsewhere, and under most systems of criminal procedure; yet unless Congress has made specific provision for compensation for such services, none can be charged against the United States. The inquiry is never limited to the fact or the character of services, but always extends to the statutory authority for compensation. The latter being wanting, no recovery can be had. Now the clause in question, and this is the only clause that can be relied on, provides a per diem compensation "for hearing and deciding on criminal charges." A criminal charge, strictly speaking, exists only when a formal written complaint has been made against the accused and a prosecution initiated. It is true the popular understanding of the term is "accusation," and it is freely used with reference to all accusations, whether oral, in the newspapers, or otherwise; but in legal phraseology it is properly limited to such accusations as have taken shape in a prosecution. In the eyes of the law a person is charged with crime only when he is called upon in a legal proceeding to answer to such a charge. Mere investigation by prosecuting officers, or even the inquiry and consideration by examining magistrates of the propriety of initiating a prosecution, do not of themselves create a criminal charge. The hearing and deciding on a criminal charge is something which takes place only after the criminal charge has been legally made. In Bouvier's Law Dictionary (1 Bouv. p. 581) "Hearing" is thus defined: "The examination of a prisoner charged with a crime or misdemeanor and of the witnesses for the accused." In 9th American and English Encyclopædia of Law, p. 324, it is said to be "the preliminary examination of a prisoner charged with a crime and of witnesses for the prosecution and defence." See, also, Wharton's Criminal Pleadings and Practice, § 70.

The question presented in the *Jones case* was whether the hearing and deciding of motions with respect to bail, and for continuances in cases pending before the commissioner, was a hearing and deciding on criminal charges within the scope of

that clause, and it was held that it was. But in that case the criminal charges had been made; that is, formal written complaints had been filed, warrants issued, the defendants arrested, and cases were pending, and the ruling was that any judicial action in such cases was hearing and deciding on criminal charges, and the general language of classification used in the opinion must be taken in connection with the facts as they existed and the question presented. It was not intended to hold that for every act of a judicial nature, any more than for every act of a clerical nature, a commissioner was entitled to compensation. His compensation is limited to those specific services for which Congress has provided compensation, and words and phrases of accepted meaning in legal phraseology must not, because they may be popularly used in a broader sense, be given, when found in a statute, that popular significance so as to enlarge the matters in respect to which compensation has been authorized and may be awarded. There is nothing in the case of *Counselman* v. *Hitchcock*, 142 U. S. 547, which militates against the views herein expressed. In that case a distinction was drawn between the terms  criminal case " in the Fifth Amendment to the Constitution, and " criminal prosecution " in the Sixth Amendment, and the former, for the protection of the citizen, given a broad construction, and so as to include investigations before a grand jury. The limitation placed upon the term " criminal prosecution " coincides with that here given to " criminal charges."

Our conclusion is that for these services, though of a judicial nature, performed before the filing of the formal written complaint and the arrest of the defendants, Congress has provided no compensation. Judgment will therefore be

*Reversed, and the case remanded with instructions to render judgment for the United States.*