Peblle, J.,
delivered the opinion of the court:
This is a claim for interest on a judgment rendered in the United States Circuit Court for the eastern district of W iscon-sin in favor of the claimant, a Circuit Court commissioner, under the provisions of the act of March 3, 1887 (24 Stat. L., 505).
The last clause of section 10 of that act provides that “ from the date of such final judgment or decree interest shall be computed thereon, at the rate of four per centum per annum, until the time when an appropriation is made for the payment of the judgment or decree.”
The facts are that on April 24,1893, the claimant recovered a judgment in the Circuit Court of the United States for the eastern district of Wisconsin in the sum of $2,036.20, for fees as such commissioner, together with his costs, amounting to $7.20. The district attornejr having charge of the case *72 omitted for some reason to transmit to the Attorney-General, as required by section 10 of said act, a certified copy of the papers in the cause until after the lapse of more than three years, and hence no appeal was taken in the case.
Included in the judgment so rendered was a claim for $610 for hearing and deciding on criminal charges, where the services consisted of the examination of complaining and other witnesses, to determine whether or not a warrant should issue upon the complaints made.
A transcript of the judgment so rendered was certified to the Congress, Februarj^ 11, 1897, by the Attorney-General, in compliance with the provisions of section 11 of the act March 3, 1887 (supra), and at the same time he advised the Congress that $610 included in the judgment were for such services and that the same come within the decision in the case of United States v. Patterson, 150 U. S., 65 (on appeal from this court), wherein the court held that no recovery could be had therefor, although they were of a judicial nature and required by the laws of the State where rendered.
Thereafter, July 19, 1897 (30 Stat. L., 105, 140), the Congress appropriated the sum of “one thousand four hundred and twenty-six dollars and twenty cents, in full for principal of judgment in favor of Francis Bloodgood, * * * together with such additional sum as may be necessary to pay interest on” said judgment. Under the provisions of that act the claimant accepted the sum so appropriated, and, so far as the record appears, did so without protest.
Thereafter, by the deficiency appropriation act of March 3, 1901 (31 Stat. L., 1010, 1046), the Congress, among other things, made an appropriation as follows: “To pay to Francis Bloodgood, of Milwaukee, Wisconsin, balance of a judgment rendered in his favor in the District Court of the United States for the eastern district of Wisconsin, for services rendered as United States commissioner, six hundred and ten dollars,” which sum was subsequently paid to the claimant, but no appropriation was made to pay interest thereon, and for that reason none was paid by the accounting officers, hence this action.
The defendants interpose the defense of want of jurisdiction on the ground that the interest claimed is a part of the *73 judgment rendered in the claimant’s.favor, and that, having a valid judgment, he is estopped from again seeking judgment for the interest accrued thereon.
The facts present a case of estoppel rather than want of jurisdiction, for the reason that when the judgment was certified to the Congress by the Attorney-General he advised them of the invalidity of that portion of the claim included in the judgment for services rendered in the examination of complaining and other witnesses for the purpose of determining-whether a warrant should issue upon the complaints made, and called their attention to the decision in the case of United States v. Patterson (supra), thereby putting in doubt tbe validity of that portion of the claim so included in the judgment.
With this report of the Attorney-General and the decision in the Patterson case before them, the Congress appropriated only the sum of §1,426.20, or $610 less than was necessary to pay the judgment, thereby clearly indicating that it was the purpose of the Congress not 'to appropriate for the paj^ment of so much of the judgment as included the claim for services for -which like claims a recovery had been denied in the Patterson case.
The Congress expressed in the words of the appropriation the condition upon which such payment should be made, i. e., “ in full for principal of judgment in favor of Francis Blood-good,” together with such further sum as might be necessary to pay the interest thereon.
The appropriation itself did not have the effect to satisfy the judgment, nor was the claimant compelled to accept the sum so appropriáted in full thereof, but when he did so he thereby consented to the condition imposed, and hence the acceptance of the sum so appropriated, though less than the amount of the judgment, operated in law as a satisfaction of the judgment, and .the claimant'was thereby estopped from asserting any further claim thereto. (Pacific Railroad v. United States, 158 U. S., 118, and cases there cited.)
In the case of United States v. Shields (153 U. S., 88, 91) it was said “fees allowed to public officers are matters of strict law, depending upon the very provisions of the statute. *74 They are not open to equitable construction by the courts nor to any discretionary action on the part of the officers.”
Nor is the language of the act making the appropriation of 11,426.20 “in full for the principal of judgment” open to the equitable construction that the sum so appropriated was intended as in part payment only.
The acceptance by the claimant of the amount so appropriated operated to extinguish the judgment and left him without any further legal claim to the difference between the amount of the judgment and the sum so appropriated.
It follows that when the Congress later appropriated the sum of $610 to pay the claimant the balance of the judgment theretofore extinguished it was a gratuity, and hence no interest can be recovered thereon without express authority of the Congress.
The petition is dismissed.
Nott, Chief Justice, and Howey, J., were absent when this case was tried and took no part in the decision.