533 S.W.2d 157 (1976)
In the Matter of D. L. C., Appellant,
v.
The STATE of Texas, Appellee.
No. 12379.
Court of Civil Appeals of Texas, Austin.
February 4, 1976.
*158 Jerry Secrest, Daniel, Tarver & Secrest, Temple, for appellant.
Arthur C. Eads, County Atty., James T. Russell, Asst. County Atty., Bell County, for appellee.
PHILLIPS, Chief Justice.
This is an appeal from an order of the juvenile court of Bell County, Texas, wherein the court waived its original jurisdiction over appellant D.L.C.,[1] and transferred appellant to the district court of Bell County for criminal proceedings under the authority of the Tex.Family Code Ann. § 54.02 (1975). Appeal from this order was then perfected in this Court under provisions of Tex.Family Code Ann. § 56.01 (1975). We affirm the judgment of the trial court.
Appellant is a male, presently seventeen years old. He attends high school in Temple and lives with his parents, two sisters, and a brother. He has been charged with a felony,[2] in that on or about May 16, 1975, he allegedly abducted, raped, and attempted to murder a female high school student.
At the hearing on the question of transfer to the criminal district court, extensive evidence was presented by the victim, a police officer, several medical doctors who had examined the appellant, and two employees of the Texas Youth Council. Evidence was also presented by the court-designated psychologist who testified that appellant was intelligent, had a relatively high I.Q., but that he was functioning emotionally in a pre-adolescent state of development, that is, in the ten-to-twelve year-old age bracket. At the conclusion of the hearing, the juvenile court entered its order waiving its exclusive original jurisdiction and ordered appellant transferred to the district court for further proceedings.
Appellant is before us on four points of error, all of which we overrule. Appellant's first point is that the trial court erred in failing to give specific reasons in its order for waiver of original exclusive jurisdiction as required by Tex.Family Code Ann. § 54.02(h) (1975).
The court's order waiving jurisdiction is quite long and details the procedure the State followed from the time appellant was *159 apprehended until the disposition of his case. We find that the order is replete with reasons for the transfer in question. The court found that appellant is alleged to have committed three felonies, e. g., abduction, rape and attempted murder; that the seriousness of the offenses and the background of the child require criminal proceedings for the protection and welfare of the community. The order further states that in making the decision to transfer and waive jurisdiction, the court has considered, among other things, the following and found these as reasons for its decision: that the alleged offenses were against the person; that they were committed in an aggressive and pre-meditated manner; that enough evidence exists that a grand jury may be expected to return an indictment; that the appellant is sufficiently sophisticated and mature to warrant criminal prosecution for the offenses alleged; that there is little prospect, due to the age of the juvenile and limited continuing jurisdiction under the Texas Family Code, that the public would be adequately protected or that the juvenile would be reasonably expected to be rehabilitated by the use of the procedures, services and facilities currently available to the juvenile court, including those of the Texas Youth Council; and that treatment and rehabilitative services and facilities are more likely to be available as needed under the Code of Criminal Procedure than under the juvenile code for the duration of the period which may be required for the accused appellant.
Appellant insists that the order before us is inadequate under the holding of the court in In the Matter of J. R. C., 522 S.W.2d 579 (Tex.Civ.App.1975, writ ref. n. r. e.). We think not. In J. R. C. the order transferring the case to the district court was patently inadequate. This order entirely failed to make the determinations required by section 54.02(a)(3) of the Family Code that either the seriousness of the offense or the background of the child required criminal proceedings for the welfare of the community, and further failed to find that no adjudication hearing had been conducted concerning the alleged offenses as required by section 54.02(a)(2). Indeed, the only reason for the transfer that can be found in this order is "that it is contrary to the best interest of said child and to the public to retain jurisdiction." This conclusion is clearly insufficient under either section (f) or section (h) of Tex.Family Code Ann. § 54.02.
Appellant's point of error number two is that the court erred in waiving jurisdiction based on a finding that appellant had been previously charged with a similar offense because there is no evidence to sustain such a finding.
The trial court's order waiving jurisdiction stated that "despite his otherwise good record and previous history, he has heretofore been charged with a similar offense, which when considered with other factors, requires criminal proceedings." In fact, appellant had not been previously charged with a similar offense. The court was in error in making this finding. A criminal charge, in legal phraseology, is properly limited to such accusations as have taken shape in a prosecution. United States v. Patterson, 150 U.S. 65, 68, 14 S.Ct. 20, 37 L.Ed. 999 (1893). However, in our opinion it was not such an error as to amount to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Tex.R.Civ.P. 434. In spite of this misstatement, there was ample evidence before the court upon which it could have based its judgment.
Appellant's point of error number three is that he was denied due process of law under the Texas Family Code on the issue of waiver of exclusive jurisdiction and discretionary transfer to criminal court because the State failed to properly notify appellant of the exact purpose of the hearing, as required by statute.
Appellant asserts that the subpoena commanding him to appear before the court to *160 answer the petition filed therein had the following sentence added by typewriter: "This hearing which is set for the above date is for the purpose of the Court's considering waiver of its exclusive original jurisdiction and transfer of the child to the appropriate criminal court."
Appellant maintains that the above written statement as to the purpose of the hearing is insufficient as it does not apprise appellant of the fact that the transfer is discretionary with the court as is required by Art. 54.02(b) of the Family Code. In our judgment the notice requirement is adequate under the Code. The word "discretionary" following the phrase "for the purpose of considering" is, for all practical purposes, surplusage. For the court to "consider" the transfer contemplates the discretionary character of whatever decision it would eventually make. Appellant cites R. K. M. v. The State of Texas, 520 S.W.2d 878 (Tex.Civ.App.1975, no writ), where the court reversed the trial court for omitting the fact in the notice that the transfer was "to Criminal Court." The correctness of that decision is apparent as the notice of the transfer proceeding wholly failed to apprise the juvenile as to the court of transference.
Appellant's fourth, and last point, asserts that he was denied due process of law under the Family Code since he was never given proper notice of the ultimate facts and specific issues to be confronted during the hearing.
The State filed its original petition to transfer jurisdiction to criminal court on May 19, 1975. Appellant was served a copy of this petition. Thus the requirements of Tex.Family Code Ann. §§ 54.02(b), 53.06, and 53.07 have been satisfied. As appellant contends, the State filed a Second Amended Original Petition on May 27, 1975. From our review of the record, we find that a summons with the notation "appear . . to answer the petition filed therein, a copy of which is attached to this summons," was served on appellant on May 30, 1975. Although the officer's return does not indicate which petition was attached, we note that appellant does not allege that he failed to receive the State's second amended petition, but merely that the transcript fails to show which petition was attached to the May 30th summons. In light of earlier service of a substantially similar petition upon the appellant, and appellant's failure to allege that he did not in fact receive a copy of the State's second amended petition, we find no merit in this point of error.
The judgment of the trial court is affirmed.
NOTES
[1] In compliance with Tex.Family Code Ann. § 56.01 the name of the alleged child has been deleted and initials substituted throughout this opinion.
[2] The State alleges that appellant committed a felony violating Tex.Penal Code Ann. §§ 20.04, 19.02, and 21.02 (1974).