Jimmy DOMINGUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 12492.

Court of Civil Appeals of Texas, Austin.

Feb. 2, 1977.

M. N. Garcia, Austin, for appellant.

Robert O. Smith, Dist. Atty. of Travis County, Richard E. Banks, Asst. Dist. Atty., Austin, for appellee.

PHILLIPS, Chief Justice.

Appellant, fifteen years old, was referred to the Juvenile Court of Travis County for the alleged offense of murder. The State of Texas petitioned the juvenile court for a waiver of jurisdiction and transfer hearing.[1]

At the hearing appellant asked the juvenile court to consider his motion to determine fitness to proceed.[2] This motion was granted and three expert witnesses testified at the hearing that appellant was schizophrenic and was possibly suffering from organic brain damage. At the conclusion of this uncontradicted testimony, the juvenile court entered an order finding that appellant "lacks the capacity to understand the proceedings in this court, and further lacks the capacity to assist in his own defense, all as a result of mental illness and is therefore unfit to proceed."

The juvenile court then ordered that a hearing be held to determine whether appellant should be committed for a period of temporary hospitalization at which time counsel for appellant presented his application for temporary hospitalization together with certificates of the completed mental examinations by the doctors as described above. Appellant was then committed to the Austin State Hospital for a period not to exceed ninety days.

Subsequently, appellant was discharged from the State Hospital and sent back to the juvenile court with a report that "there is no evidence of serious mental illness or organicity." The report also stated appellant "performed at the lower end of the Borderline Mental Retardation Category" and although there was no clear evidence of brain dysfunction, test data was "suggestive" of a possible brain dysfunction and that "the possibility of a brain dysfunction should not be discounted."

The hearing on the matter of waiver of jurisdiction and transfer to the criminal court was continued at which time appellant moved that proceedings be initiated to determine the question of his mental illness or mental retardation by virtue of Tex. Family Code Ann. § 55.02, § 55.03, and § 55.04. This was denied and appellant was ordered transferred to the 167th District Court of Travis County for criminal proceedings.

The court ordered this transfer notwithstanding the fact that its order declaring that appellant "lacked the capacity to understand the proceedings of the court and further lacked the capacity to assist in his own defense, all as a result of mental illness and is therefore unfit to proceed" was still standing.

Section 55.04(a) of the Family Code states that, "No child who as a result of mental disease or defect lacks capacity to understand the proceedings in juvenile court or to assist in his own defense shall be subjected to discretionary transfer to criminal court, adjudication, disposition, or modification of disposition as long as such incapacity endures."

Under the state of this record, appellant remains unfit for transfer to criminal court. We hold that, as contended by appellant, a hearing on this matter should have been held followed by a judicial determination as to whether appellant's unfitness to proceed still existed. Consequently, we must reverse the judgment of the juvenile court and remand the case thereto with instructions to determine whether appellant's unfitness to proceed still exists.

Reversed and Remanded with Instructions.

SHANNON, Justice, dissenting.

I dissent.

On January 21, 1976, the juvenile court ordered appellant temporarily hospitalized at the Austin State Hospital. On February 16, 1976, appellant was released from the

---

1. Tex. Family Code Ann. § 54.02 (1975).

2. Tex. Family Code Ann. § 55.04 (1975).

Austin State Hospital. On that date Dr. George B. Tipton, Director of the Adolescent Center at the Hospital, wrote the juvenile court in part as follows:

"In my opinion, Jimmy [appellant] is able to distinguish right from wrong and to adhere to the right. In my opinion, he is not suffering from a serious mental illness that leads to any lack of responsibility for his behavior. He is capable of cooperating with his attorney and assisting in his own defense."

Dr. Tipton's letter appears in the transcript and was before the court. Tex. Family Code Ann. § 54.02(a)(1) (1975).

After appellant's release from the Austin State Hospital and before the hearing on the matter of waiver and transfer, appellant's counsel filed a second motion for psychiatric examination of appellant. The juvenile court overruled the motion.

The court erred in overruling appellant's motion for a psychiatric examination. Tex. Family Code Ann. § 55.04 (1975). *Meza v. State*, 543 S.W.2d 189 (Tex.Civ.App.1976, no writ).

Appellant, however, did not discharge his burden of demonstrating that the error of the court amounted to such a denial of his rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Tex.R.Civ.P. 434, *Meza v. State, supra,* see *D. L. C. v. State*, 533 S.W.2d 157 (Tex.Civ.App.1976, no writ). Appellant did not tender evidence on bill of exception showing that after temporary hospitalization and at trial time appellant lacked capacity to understand the proceedings in juvenile court or that he lacked capacity to assist in his own defense.

I would affirm the judgment of the juvenile court waiving its exclusive original jurisdiction and transferring appellant to district court for criminal trial.