PRESENT: All the Justices

KENTON DEON HUBBARD

v.          Record No. 071567                    OPINION BY
                                        JUSTICE S. BERNARD GOODWYN
COMMONWEALTH OF VIRGINIA                       June 6, 2008

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether the evidence was sufficient to sustain a conviction for felonious escape from custody, in violation of Code § 18.2-478, when there was no written criminal complaint or formal accusation against the person who escaped from custody.

In the Circuit Court of Campbell County, Kenton Deon Hubbard ("Hubbard") was convicted of felonious escape from custody. The Court of Appeals denied Hubbard's petition for appeal of that conviction. This appeal ensued.

On February 18, 2005, State Trooper Scott Cash initiated a traffic stop of a car, driven by Hubbard, because the window tint appeared improper and Hubbard was not wearing a seatbelt. When Cash activated his vehicle's emergency lights to make the traffic stop, Hubbard's car, which was originally in the right-hand lane, merged into the left-hand lane. Hubbard's car then sped up to approximately 85 miles per hour in an area with a posted speed limit of 55.

After a ten-mile chase, Hubbard made a left-hand turn into a residential yard. Hubbard stopped the car, got out,

1

and ran behind the house. Cash chased Hubbard who ran into a wooded area behind the house. Cash continually yelled, "State [p]olice, police, stop, you're under arrest . . . ."

Approximately 70 yards into the woods, Cash caught up with Hubbard and tackled him to the ground. Hubbard resisted by punching, kicking, and elbowing Cash. Cash stated, "Stop resisting, you're under arrest." Eventually the men were positioned such that Hubbard was on his stomach with Cash on top of him. Cash testified to the following:

> At that point I - after struggling with the driver, I was temporarily – I was able to temporarily restrain him with pepper mace. I sprayed him in the face. I maintained contact with his left hand and once I went with my right hand to my handcuffs, he was able to kick back, he kicked with his feet, his arms and hit me and knocked me off of him, and he escaped from my custody at that point.

Hubbard ran approximately 200 yards before Cash lost visual contact, at which time Cash ceased his pursuit. Cash returned to his car and requested "backup" and a canine unit.

The trial court found Hubbard guilty of felonious escape from custody. Hubbard appealed to the Court of Appeals. The Court of Appeals, noting that Hubbard's petition concerning the felonious escape conviction only raised custody and double jeopardy arguments as a basis for reversing the conviction, denied Hubbard's petition for appeal.

On appeal to this Court, Hubbard challenges the sufficiency of the evidence to sustain his conviction for felonious escape from custody in violation of Code § 18.2-478. Hubbard argues, as he did in the trial court and the Court of Appeals, that he was never in Cash's custody. While Hubbard focuses on the issue of whether he was ever in custody, the dispositive question, which is included in Hubbard's assignment of error, is whether the Commonwealth was required to prove, as an element of the offense, that Hubbard was in custody "on a charge of criminal offense" when he allegedly escaped.

The Commonwealth has the burden to prove every essential element of the charged crime beyond a reasonable doubt. Washington v. Commonwealth, 273 Va. 619, 623, 643 S.E.2d 485, 487 (2007). An accused cannot be convicted of a crime unless the Commonwealth meets its burden of proof. See id. at 629, 643 S.E.2d at 490. "[A]n essential of the due process guaranteed by the Fourteenth Amendment [is] that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof – defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 316 (1979).

First, we must determine the elements of the offense.

3

Hubbard was convicted of felonious escape from custody under Code § 18.2-478, which states in relevant part:

> [I]f any person lawfully in the custody of any police officer on a charge of criminal offense escapes from such custody by force or violence, he shall be guilty of a Class 6 felony.

(Emphasis added.) The plain language of the statute indicates that the Commonwealth must prove that the accused was in the custody of the police officer, that the accused was charged with a criminal offense before he was taken into custody, and that the accused escaped from such custody by force or violence. The Commonwealth must prove all three elements beyond a reasonable doubt before the accused can be found guilty of felonious escape from custody, as defined in Code § 18.2-478.

Although this Court has never addressed what constitutes being taken into custody "on a charge of criminal offense," the Court of Appeals considered the issue in Coles v. Commonwealth, 44 Va. App. 549, 605 S.E.2d 784 (2004). In Coles, the defendant appealed his conviction under Code § 18.2-478 arguing that the Commonwealth failed to prove he was taken into custody "on a charge of criminal offense." Id. at 553, 605 S.E.2d at 786. In Coles, the Commonwealth claimed that probable cause to arrest satisfies the element in Code § 18.2-478 requiring the Commonwealth to prove the defendant

4

was taken into custody "on a charge of criminal offense." Id. at 557, 605 S.E.2d at 787. However, the Court of Appeals rejected the Commonwealth's argument and held, "[I]n order to sustain a conviction for escape under Code § 18.2-478, the evidence must prove beyond a reasonable doubt that the defendant was taken into custody 'on a charge of criminal offense.' Probable cause to arrest will not satisfy this element of the offense." Id. at 561, 605 S.E.2d at 790. We agree with, and adopt, the Court of Appeals' holding in Coles.

The plain language of Code § 18.2-478 requires the Commonwealth to prove that the defendant was taken into custody "on a charge of criminal offense." "A criminal charge, strictly speaking, exists only when a formal written complaint has been made against the accused and a prosecution initiated." United States v. Patterson, 150 U.S. 65, 68 (1893). The word "charge" is defined by Black's Law Dictionary 248 (8th ed. 2004), as a "formal accusation of an offense as a preliminary step to prosecution." Thus, the phrase, "on a charge of criminal offense," clearly contemplates a formal accusation upon which a trial court could act and pass judgment. Therefore, to sustain a conviction under Code § 18.2-478, the evidence must show the defendant was taken into custody pursuant to a written charge;

probable cause to arrest will not suffice to satisfy the "on a charge of criminal offense" element stated in Code § 18.2-478.

The Commonwealth did not introduce any evidence that there was a written charge against Hubbard at the time he was allegedly taken into custody by Cash. Considering the plain language of Code § 18.2-478, it is clear the Commonwealth failed to prove beyond a reasonable doubt that Hubbard violated that statute, and Hubbard should not have been convicted of felonious escape from custody. Thus, the Court of Appeals erred in affirming the trial court's judgment rendering that conviction.

For these reasons, we conclude that the evidence was insufficient, as a matter of law, to sustain Hubbard's conviction under Code § 18.2-478. We will therefore reverse the judgment of the Court of Appeals and dismiss the indictment.

<u>Reversed and dismissed.</u>