PRESENT: Keenan, Koontz, Kinser, Lemons, Goodwyn, and Millette, JJ., and Lacy, S.J.

ERNEST BAKER

OPINION BY
v.  Record No. 081715      JUSTICE LEROY F. MILLETTE, JR.
                                  November 5, 2009
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether the Commonwealth is required to establish as an element of the offense of trespassing that a "no trespassing" sign on private property was posted by a person authorized by the statute to exclude entry upon the property.

Ernest Baker was convicted at a bench trial in the Circuit Court of the City of Petersburg of trespassing in violation of Code § 18.2-119.[1]  Baker appealed his conviction to the Court of Appeals, which affirmed his conviction in an unpublished opinion.  Baker v. Commonwealth, Record No. 0220-07-2 (August 5, 2008).  We awarded Baker this appeal in which he challenges the Court of Appeals' decision to uphold his conviction.

Baker presents three grounds upon which he contends the Court of Appeals erred in its ruling:  (1) the Commonwealth failed to prove that the subject property was posted by the true owner, (2) the circuit court violated his due process

_____

[1] Baker was also convicted of possession of cocaine, in violation of Code § 18.2-250, but that conviction was later dismissed and is not relevant to this appeal.

rights by allowing an inference that either the true owner had posted the property or the property was posted to shift an evidentiary burden to him, and (3) the evidence was insufficient to prove that he was legally excluded from the property.

BACKGROUND

Corporal Buffkin of the City of Petersburg Bureau of Police was dispatched to the 700 block of Mount Airy Street in Petersburg to investigate a report of gunshots. Corporal Buffkin was providing field training to a recruit officer, John H. Vasquez, and both were in uniform with their police badges displayed. The police officers saw Baker walking on Mount Airy Street. As the police officers started getting out of their police car in order to talk to Baker, Baker immediately began running away from the officers through the yards of houses on Mount Airy Street. When Baker reached a residence at 717 Mount Airy Street (the property), he cut through the yard alongside the residence and ran through a hole in a wooden fence, where Corporal Buffkin tackled him.

While pursuing Baker, Corporal Buffkin observed a "no trespassing" sign posted on the front of the property. Officer Vasquez saw a "no trespassing" sign on the side of the property while walking Baker back to the police car. Following his

arrest, Baker told the police officers that his cousin owned the property.

Baker entered a plea of not guilty to the trespassing charge, which specifically alleged that he "did go upon or remain upon the posted property at 717 Mt. Airy Street after having been forbidden to do so, in violation of § 18.2-119 of the Code of Virginia." At the conclusion of the Commonwealth's evidence, Baker moved to strike the trespass charge. Baker argued that Code § 18.2-119 requires evidence that he was banned from the property or the property was posted by the owner and that Baker was a person not allowed to be on the property. Baker contended that there was no proof that he is not allowed to be on the property, no proof that the true owner posted the property, and no proof that even if it is so posted that he is not allowed to be on the property.

The circuit court acknowledged that there was no evidence Baker had been forbidden to be on the property in the past: "Certainly there is no evidence as to the latter point he has . . . been forbidden to be on that property . . . . The indictment charges he has been forbidden to trespass. There is no proof of that." However, the Commonwealth responded that Baker "is forbidden by the sign." The circuit court held that there is a presumption that the property was posted by a person authorized to do so.

The circuit court denied Baker's motion to strike, determining: "I think the State has reached its burden . . . and shows the property was in fact proper[l]y posted. The person entered on that property. I think the burden shifts." Baker presented no evidence and renewed his motion to strike, which the circuit court again denied. The circuit court found Baker guilty and sentenced him to twelve months' incarceration. Baker appealed to the Court of Appeals.

In affirming the circuit court's judgment, the Court of Appeals held that because it was undisputed that Baker went upon property owned by another person and the property was posted with a "no trespassing" sign, the circuit court made the reasonable inference that the owner or someone lawfully in charge of the property posted the sign. The Court of Appeals declined to address Baker's argument that the circuit court violated his due process rights by shifting the burden of proof, as Baker failed to make this argument to the circuit court.[2] Baker's appeal to this Court followed.

---

[2] We likewise decline to address Baker's due process argument, as Baker's counsel conceded at oral argument that this argument was made for the first time on appeal. Rule 5:25. Rule 5:25 is not limited in application to non-constitutional issues. Cherrix v. Commonwealth, 257 Va. 292, 308 n.3, 513 S.E.2d 642, 652 n.3 (1999).

4

In order to determine whether the Commonwealth must establish as an element of the offense of trespassing that a "no trespassing" sign was posted by an authorized person, we must interpret Code § 18.2-119.[3]  The interpretation of a statute is a question of law, which is reviewed de novo on appeal.  Farrakhan v. Commonwealth, 273 Va. 177, 180, 639 S.E.2d 227, 229 (2007).

In reviewing the language of Code § 18.2-119, we apply the following principles of statutory interpretation:

> [U]nder basic rules of statutory construction, we determine the General Assembly's intent from the words contained in the statute.  Alger v. Commonwealth, 267 Va. 255, 259, 590 S.E.2d 563, 565 (2004).  When the language of a statute is unambiguous, courts are bound by the plain meaning of that language and may not assign a construction that amounts to holding that the

---

[3] According to the relevant portion of Code § 18.2-119,

> [i]f any person without authority of law goes upon or remains upon the lands, buildings or premises of another, or any portion or area thereof, after having been forbidden to do so, either orally or in writing, by the owner, lessee, custodian or other person lawfully in charge thereof, or after having been forbidden to do so by a sign or signs posted by such persons or by the holder of any easement or other right-of-way authorized by the instrument creating such interest to post such signs on such lands, structures, premises or portion or area thereof at a place or places where it or they may be reasonably seen, . . . he shall be guilty of a Class 1 misdemeanor.

General Assembly did not mean what it actually has stated. Id.

Elliott v. Commonwealth, 277 Va. 457, 463, 675 S.E.2d 178, 182 (2009).

Additionally,

[i]n accordance with the principles of statutory construction of penal statutes, a court must not add to the words of the statute nor ignore the words of the statute and must strictly construe the statute and limit its application to cases falling clearly within the statute. Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983). Additionally, it is a "settled principle of statutory construction that every part of a statute is presumed to have some effect and no part will be considered meaningless unless absolutely necessary." Hubbard v. Henrico Ltd. P'ship, 255 Va. 335, 340, 497 S.E.2d 335, 338 (1998).

Farrakhan, 273 Va. at 181-82, 639 S.E.2d at 230.

On appeal, Baker argues that although he was present on the property, the evidence was insufficient to prove he had been banned from the property in the manner set forth in Code § 18.2-119. Baker maintains that any reasonable interpretation of Code § 18.2-119 requires the Commonwealth to present evidence that the property was posted by one of the enumerated parties in order to make out a prima facie case and to prove guilt beyond a reasonable doubt. According to Baker, such evidence is an element of trespass as defined by the statute, and the Commonwealth failed to establish this element through

6

proof that the property was posted by one of the specifically enumerated persons.

Additionally, Baker asserts that the General Assembly, by enacting Code § 18.2-119.1, which makes it a Class 3 misdemeanor to knowingly and intentionally post a "no trespassing" sign on the land of another without permission from a person authorized to do so, intended the crime of trespass on posted property to be premised upon proof of the authority to post the property.

Baker argues that the only testimony, other than that he was on posted property, was Baker's unchallenged statement that his cousin owned the property. Baker contends that despite the presence of the "no trespassing" signs on the property, the Commonwealth did not prove he was a person intended to be excluded from the property, because the circuit court determined there was no evidence that Baker had been forbidden to be on the property in the past. Baker notes that "no trespassing" signs often make no distinction between invitees, residents, or other persons such as a licensee. Baker asserts that the statute clarifies the need for a witness with authority under the statute to exclude others in order to establish that the defendant was a trespasser.

The Commonwealth maintains that the circuit court's statement that the Commonwealth had "reached its burden" was

7

simply an observation that Baker's burden was to produce credible evidence to overcome the reasonable inferences that arose from the evidence.  The Commonwealth argues that the record shows that in convicting Baker of trespass, the circuit court drew the reasonable inference that the "no trespassing" sign was properly posted by a homeowner or resident of the property and that Baker was not authorized to enter the yard. According to the Commonwealth, the circuit court also drew the reasonable inference that the property owner had the right to forbid access to the yard.

The Commonwealth contends that the trial judge was free to disregard Baker's self-serving assertion to police that the property belonged to his cousin.  Furthermore, the Commonwealth argues that at the close of its case the burden of going forward with credible evidence to overcome the reasonable inference of guilt shifted to Baker and he failed to meet that burden.

Applying the principles of statutory construction set forth above, we hold that the plain language of Code § 18.2-119 requires proof, as an element of the crime of trespass, that oral or written notice of the proscription against entry be given or a "no trespassing" sign be posted by the owner, lessee, custodian, or other person lawfully in charge of the property, or by the holder of an easement or other right-of-way

8

who was authorized to post such a sign by the instrument creating that person's interest in the property.

Because there was no evidence that any oral or written prohibition against entry was given to Baker, the issue in this case is whether the "no trespassing" sign on the property was properly posted by a person authorized by the statute. The Commonwealth has the burden to prove every essential element of the charged crime beyond a reasonable doubt. Hubbard v. Commonwealth, 276 Va. 292, 295, 661 S.E.2d 464, 466 (2008); Washington v. Commonwealth, 273 Va. 619, 623, 643 S.E.2d 485, 487 (2007). Therefore, the Commonwealth was required to prove beyond a reasonable doubt that the property was posted by one of the enumerated parties having authority to do so.

Having construed Code § 18.2-119 in accordance with its plain meaning, we now consider whether the evidence was sufficient to support Baker's conviction for trespass.

> When analyzing a challenge to the sufficiency of the evidence, this Court reviews the evidence in the light most favorable to the prevailing party at trial and considers any reasonable inferences from the facts proved. The judgment of the trial court will only be reversed upon a showing that it is plainly wrong or without evidence to support it.

Wilson v. Commonwealth, 272 Va. 19, 27, 630 S.E.2d 326, 330 (2006) (internal citations and quotation marks omitted). We hold that the evidence was insufficient to prove Baker

9

committed trespass in violation of the statute.  The Commonwealth presented no evidence regarding who posted the "no trespassing" signs observed by the police officers.  The record therefore contains no indication whether that person or persons had authority to post the property under Code § 18.2-119.  Because we conclude that the Commonwealth has failed to satisfy one of the elements of the offense, we need not address Baker's argument that the Commonwealth failed to establish that he was a person intended to be excluded by the "no trespassing" signs.

CONCLUSION

Proof of the existence of the "no trespassing" signs on the property alone is insufficient to satisfy the elements of trespass set forth in Code § 18.2-119.  Without evidence that a "no trespassing" sign was posted by one of the enumerated persons authorized by the statute to prohibit entry upon the property, the Commonwealth failed to put on sufficient evidence of Baker's guilt.  For the reasons set forth above, we therefore reverse the judgment of the Court of Appeals, vacate Baker's conviction under Code § 18.2-119, and dismiss the indictment.

Reversed, vacated, and dismissed.