COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Humphreys and Petty
Argued at Richmond, Virginia


JAMAR ERIC THOMAS

OPINION BY
v.        Record No. 3047-08-1              JUDGE ROBERT J. HUMPHREYS
                                            MARCH 16, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
James C. Hawks, Judge

Joseph A. Sadighian, Senior Assistant Appellate Defender (Office
of the Appellate Defender, on briefs), for appellant.

Kathleen B. Martin, Senior Assistant Attorney General
(William C. Mims, Attorney General, on brief), for appellee.


        Jamar Eric Thomas ("Thomas") appeals his conviction for escape from custody on a

charge or conviction of a felony, in violation of Code § 18.2-479(B).  On appeal, Thomas

contends that the evidence was insufficient to sustain his conviction.  Specifically, Thomas

argues that, at the time of his escape from police custody, he had not yet been charged with or

convicted of a felony, as Code § 18.2-479(B) requires.  For the following reasons, we agree with

Thomas and reverse.

                                    BACKGROUND

        "When analyzing a challenge to the sufficiency of the evidence, this Court reviews the

evidence in the light most favorable to the prevailing party at trial and considers any reasonable

inferences from the facts proved."  Wilson v. Commonwealth, 272 Va. 19, 27, 630 S.E.2d 326,

330 (2006).  Furthermore, "[t]he judgment of the trial court is presumed to be correct and will be

reversed only upon a showing that it is 'plainly wrong or without evidence to support it.'"  Viney

v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005) (quoting Code § 8.01-608).

Viewed through this appellate lens, the evidence at trial was as follows.

On June 19, 2008, Sergeant J.C. Murden ("Murden") and Officer C. Clinton ("Clinton") of the Portsmouth Police Department responded to a complaint of possible marijuana sales taking place at a residence in the Churchland section of Portsmouth. When they arrived to investigate the complaint, Murden and Clinton observed Thomas and another man sitting in chairs in front of the garage of the residence. The officers also observed an orange "condemned/no trespassing sign" hanging directly above the two men.

As the officers got out of their vehicle, Thomas stood up and began to walk quickly to the house next door. Murden asked Thomas "to hold on a second" and stated that he wanted to speak with Thomas concerning his presence on condemned property. Thomas complied and approached Murden. As Murden spoke with Thomas, he observed Thomas repeatedly placing his right hand in his pants pocket. Concerned for his safety, Murden requested that Thomas keep his hands out of his pockets. Despite Murden's request, Thomas again placed his hand in his pocket, at which point Murden stated that he was going to pat Thomas down for weapons. During the pat down, Murden felt an item in Thomas's pants pocket that he believed to be a small bag of marijuana. At that point, Murden told Thomas that he was under arrest.[1] As Murden attempted to place Thomas in handcuffs, Thomas "swung back with his right hand and hit Officer Clinton in the right side of his face." A struggle ensued between Thomas, Murden, and Clinton that lasted approximately two minutes, after which Murden and Clinton were able to place Thomas in custody.[2]

---

[1] The validity of Thomas's arrest is not at issue in this appeal.

[2] During the struggle, a purple bag fell out of Thomas's pocket. The bag contained three small baggies of marijuana.

Murden left Thomas in the custody of Officer W. Goodwin ("Goodwin") while he collected a number of personal items that he had lost in the struggle. Murden "didn't take more than five or six steps away from the street," when he heard some "commotion" and observed Thomas running down the street with Goodwin in pursuit. Eventually, another officer arrived and captured Thomas.

Thomas was charged with felony escape from custody, assault and battery of a law enforcement officer, possession of marijuana, and obstruction of justice. At the close of the Commonwealth's case-in-chief and again at the close of all the evidence, Thomas made a motion to strike each of the charges. The trial court overruled Thomas's motion to strike and found him guilty of all four offenses.

This appeal followed.[3]

ANALYSIS

During his motion to strike, Thomas argued that the escape charge should, "at the very least," be reduced to a misdemeanor, as the Commonwealth did not sufficiently prove that he was in custody on a felony. However, at no point in his motion to strike did Thomas argue, as he does now on appeal, that the Commonwealth failed to prove that he had been formally charged with a felony at the time of his escape.

It is well established that "[t]he Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); see Rule 5A:18 ("[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of

---

[3] Thomas also appealed his convictions for possession of marijuana, assault and battery of a law enforcement officer, and obstruction of justice; however, this Court denied his petition for appeal with respect to those convictions.

justice"). Thomas urges this Court to invoke the "ends of justice" exception to Rule 5A:18 to consider his sufficiency argument on appeal.

The "ends of justice" exception to Rule 5A:18 is "'narrow and is to be used sparingly.'" Pearce v. Commonwealth, 53 Va. App. 113, 123, 669 S.E.2d 384, 390 (2008) (quoting Bazemore v. Commonwealth, 42 Va. App. 203, 219, 590 S.E.2d 602, 609 (2004) (*en banc*)). "In order to avail oneself of the [ends of justice] exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). Thus, the alleged error must be "'clear, substantial and material.'" Id. (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989)).

For this Court to invoke the "ends of justice" exception, Thomas must demonstrate one of the following: (1) the conduct for which he was convicted was not a criminal offense or (2) "the record affirmatively prove[s] that *an element of the offense did not occur . . . .*" Id. at 221-22, 487 S.E.2d at 272 (emphasis added). After a careful review of the evidence in this case, we hold that the record affirmatively demonstrates that an element of the offense for which Thomas was convicted did not occur – i.e. that Thomas was in custody on a felony charge. Thus, we will invoke the ends of justice exception to Rule 5A:18 to reverse Thomas's conviction and dismiss the indictment against him, as to that offense.

Thomas was convicted of violating Code § 18.2-479(B), which provides:

> Any person, lawfully confined in jail or lawfully in the custody of any court, officer of the court, or of any law-enforcement officer *on a charge or conviction of a felony*, who escapes, other than by force or violence or by setting fire to the jail, is guilty of a Class 6 felony.

(Emphasis added). Thomas contends the Commonwealth failed to prove that he was in custody on either *a charge or a conviction of a felony*. We agree.

- 4 -

Our Supreme Court dealt with a similar situation in <u>Hubbard v. Commonwealth</u>, 276 Va. 292, 661 S.E.2d 464 (2008).  In <u>Hubbard</u>, the defendant appealed his conviction for felonious escape from custody, in violation of Code § 18.2-478, arguing that the Commonwealth failed to prove that he was in custody "on a charge of criminal offense."[4]  <u>Id.</u> at 295, 661 S.E.2d at 466. The Supreme Court agreed, holding that:

> The plain language of Code § 18.2-478 requires the Commonwealth to prove that the defendant was taken into custody "on a charge of criminal offense."  "A criminal charge, strictly speaking, exists *only when a formal written complaint has been made against the accused and a prosecution initiated*."  <u>United States v. Patterson</u>, 150 U.S. 65, 68, 14 S. Ct. 20, 37 L. Ed. 999 (1893).  The word "charge" is defined by Black's Law Dictionary 248 (8th ed. 2004), as a "*formal accusation of an offense as a preliminary step to prosecution*."  Thus, the phrase, "on a charge of criminal offense," clearly contemplates a formal accusation upon which a trial court could act and pass judgment.  Therefore, to sustain a conviction under Code § 18.2-478, the evidence must show the defendant was taken into custody pursuant to a written charge; probable cause to arrest will not suffice to satisfy the "on a charge of criminal offense" element stated in Code § 18.2-478.

<u>Id.</u> at 296, 661 S.E.2d at 467; <u>see also</u> <u>Coles v. Commonwealth</u>, 44 Va. App. 549, 561, 605 S.E.2d 784, 790 (2004) (holding that "in order to sustain a conviction for escape under Code § 18.2-478, the evidence must prove beyond a reasonable doubt that the defendant was taken into custody 'on a charge of criminal offense.'  Probable cause to arrest will not satisfy this element of the offense.").

---

[4] Code § 18.2-478 provides:

> If any person lawfully imprisoned in jail and not tried or sentenced on a criminal offense escapes from jail by force or violence, other than by setting fire thereto or if any person lawfully in the custody of any police officer *on a charge of criminal offense* escapes from such custody by force or violence, he shall be guilty of a Class 6 felony.

(Emphasis added).

Though Hubbard and Coles dealt with language contained in Code § 18.2-478, we find their reasoning highly persuasive to our analysis in this case. Like Code § 18.2-478, Code § 18.2-479(B) requires that a person be in custody "on a charge or conviction of a felony." Thus, to sustain a conviction for Code § 18.2-479(B), "the evidence must show the defendant was taken into custody pursuant to a *written charge* . . . ." Hubbard, 276 Va. at 296, 661 S.E.2d at 467 (emphasis added). As Hubbard and Coles made clear, a charge is a formal written accusation or complaint, which initiates a prosecution. Nothing in the record in this case suggests that Thomas was in custody on such a formal, written accusation or complaint of a felony. The evidence affirmatively shows there was no written complaint again Thomas. Likewise the record contains no evidence demonstrating that Thomas was in custody on a conviction of a felony. Absent evidence that Thomas was in custody on a charge or conviction of a felony, we find that the Commonwealth failed to prove an element of the offense. Accordingly, we reverse Thomas's conviction.

## CONCLUSION

For the foregoing reasons, we hold that the Commonwealth failed to prove that Thomas was in custody "on a charge or conviction of a felony," as Code § 18.2-479(B) requires. Therefore, we reverse Thomas's conviction and dismiss the indictment against him, as to that offense.

Reversed and dismissed.