COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge Humphreys and Senior Judge Clements
Argued at Richmond, Virginia


JAMES DOMINIC TILLERY

v.      Record No. 0133-09-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE ROBERT J. HUMPHREYS
MAY 25, 2010


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
David H. Beck, Judge

Leigh S. Gettier for appellant.

Gregory W. Franklin, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


James D. Tillery ("Tillery") appeals the sentences he received stemming from his

convictions for leaving the scene of an accident in which a person was killed, in violation of

Code § 46.2-894, driving under the influence of drugs, in violation of Code § 18.2-266, driving

on a suspended license (third or subsequent offense), in violation of Code § 46.2-301, and

possession of more than one-half ounce but not more than five pounds of marijuana with the

intent to distribute, in violation of Code § 18.2-248.1(a)(2).  On appeal, Tillery contends the trial

court erred during his sentencing hearing by admitting into evidence victim impact statements

and testimony concerning his dismissed charge of involuntary manslaughter.  For the following

reasons, we disagree with Tillery and affirm.

Tillery argues that the trial court abused its discretion in admitting victim impact

statements and testimony from Jennifer Walker's mother and sister into evidence during his

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

sentencing hearing. Tillery contends that his acquittal on the charge of involuntary manslaughter "statutorily prohibited" the use of victim impact statements related to that charge. However, because he did not object to the victim impact statements at the time they were tendered to the fact finder as an exhibit, we hold that Tillery has not properly preserved this issue for appeal.

During Tillery's sentencing hearing, the Commonwealth informed the trial court that it planned to present victim impact statements concerning "the felony hit and run and the other charges . . . ." The trial court then asked counsel for Tillery if he "had a chance to review those victim impact statements," to which counsel for Tillery responded "Yes, your honor." Significantly, Tillery did not object to either the written victim impact statements or the reading of those statements into the record by Jennifer's mother and sister. Only during his summation did counsel for Tillery even mention that "the underlying manslaughter charge in this was dismissed by the Court."

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. Because a trial court must be alerted to the precise issue to which a party objects, "[t]he Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); see also Neal v. Commonwealth, 15 Va. App. 416, 422-23, 425 S.E.2d 521, 525 (1992). In this case, Tillery made no objection to the admissibility of the victim impact statements. Nor did he object when Jennifer's mother and sister read their respective statements into the record. By failing to object to either the written victim impact statements or the corresponding testimony at the time they

were tendered to the trial court, Tillery has waived any argument with respect to their admissibility on appeal.[1]

Nevertheless, Tillery argues that the trial court's failure to exclude "highly prejudicial victim impact statements" constitutes a "miscarriage of justice," and thus, warrants the invocation of the "ends of justice" exception to Rule 5A:18. We disagree. As this Court has recently reiterated, "[t]he 'ends of justice' exception to Rule 5A:18 is 'narrow and to be used sparingly.'" Thomas v. Commonwealth, 56 Va. App. 1, 5, 690 S.E.2d 298, 300 (2010) (quoting Pearce v. Commonwealth, 53 Va. App. 113, 123, 669 S.E.2d 384, 390 (2008)). "In order to avail oneself of the [ends of justice] exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). To succeed under the "ends of justice" exception, Tillery must establish either that "(1) the conduct for which he was convicted was not a criminal offense or (2) the record affirmatively prove[s] that an element of the offense did not occur . . . ." Thomas, 56 Va. App. at 5, 690 S.E.2d at 300 (quoting Redman, 25 Va. App. at 221-22, 487 S.E.2d at 272). Tillery has neither established that the conduct for which he was convicted was not a criminal offense, nor that the sentence imposed exceeded the statutory limitations. Therefore, we decline to invoke the "ends of justice" exception to Rule 5A:18 to consider Tillery's argument on appeal.

Affirmed.

---

[1] The Attorney General contends that Tillery has approbated and reprobated by agreeing to the preparation of the victim impact statements in his plea agreement and then objecting to their admissibility at sentencing. However, contrary to the position taken by the Attorney General, Tillery's plea agreement stated only that he agreed to the preparation of victim impact statements concerning his felony hit and run conviction, not their ultimate admissibility at sentencing. We do not read paragraph 8(A)(i) of Tillery's plea agreement in as broad a manner as the Commonwealth. Tillery certainly agreed to the *preparation* of victim impact statements concerning his felony hit and run conviction, but he did not waive his ability to object to the *contents* of the victim impact statements, once prepared.