COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Beales and Senior Judge Annunziata
Argued at Salem, Virginia

TONY LEON CHILDRESS

v.      Record No. 2256-12-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE ROBERT J. HUMPHREYS
OCTOBER 15, 2013

FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Charles J. Strauss, Judge

James C. Martin (Martin & Martin Law Firm, on briefs), for
appellant.

Craig W. Stallard, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Tony Leon Childress ("Childress") appeals his conviction by a jury in the Pittsylvania

County Circuit Court ("trial court") of attempted felony escape, in violation of Code § 18.2-478.

Childress's single assignment of error is that the evidence was insufficient to demonstrate his

intent to escape. Despite conceding that he is bound by the factual finding that he caused the

property damage to the holding cell, Childress argues "there was a lack of proof as to [his] doing

whatever damage he did with an intent to escape." He suggests that "[p]erhaps [he] only

intended to do property damage to spite his captors" or "had some other motive." This argument

is unpersuasive. For the following reasons, this Court affirms Childress's conviction.

This Court's function is not to reweigh the credibility of the evidence when reviewing the

sufficiency of the evidence to support a conviction on appeal. See Couture v. Commonwealth,

51 Va. App. 239, 248, 656 S.E.2d 425, 429-30 (2008). Rather, the relevant inquiry is whether

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (en banc) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). The conviction must stand unless it is plainly wrong or without evidence to support it. Commonwealth v. McNeal, 282 Va. 16, 20, 710 S.E.2d 733, 735 (2011). Therefore, this Court may not disturb Childress's conviction unless no rational jury could have concluded that he had the intent required to convict him of attempted felony escape.

The elements of felony escape in violation of Code § 18.2-478 are that the accused was in lawful custody, pursuant to a written charge, and that he escaped from custody by force or violence. Hubbard v. Commonwealth, 276 Va. 292, 295-96, 661 S.E.2d 464, 466-67 (2008). A criminal attempt is composed of two elements: (1) the intent to commit the crime; and (2) a direct, ineffectual act done towards the commission of the intended crime. Cuffee v. Commonwealth, 61 Va. App. 353, 369, 735 S.E.2d 693, 701 (2013). Thus, to sustain a conviction for attempted felony escape, the Commonwealth must prove beyond a reasonable doubt that the defendant (1) intended to escape from lawful custody by force or violence, and (2) committed a direct but ineffectual act in furtherance of escaping. See Bennett v. Commonwealth, 35 Va. App. 442, 450, 546 S.E.2d 209, 213 (2001) (discussing attempted escape in violation of Code § 18.2-479); see also Cuffee, 61 Va. App. at 369, 735 S.E.2d at 701 (discussing the elements of attempted malicious wounding).

"The intent required to be proven in an attempted crime is the specific intent in the person's mind to commit the particular crime for which the attempt is charged." Wynn v. Commonwealth, 5 Va. App. 283, 292, 362 S.E.2d 193, 198 (1987). "'[W]hether the required intent exists is generally a question for the trier of fact.'" Cuffee, 61 Va. App. at 369, 735 S.E.2d at 701 (quoting Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977)). "In

determining whether the intent has been proven, the factfinder may consider the conduct of the person involved and all the circumstances revealed by the evidence." Wynn, 5 Va. App. at 292, 362 S.E.2d at 198. "The specific intent in the person's mind may, and often must, be inferred from that person's conduct and statements." Martin v. Commonwealth, 13 Va. App. 524, 527, 414 S.E.2d 401, 402 (1992). Determining what inferences flow from proven facts is within the province of the jury. Pease v. Commonwealth, 39 Va. App. 342, 361, 573 S.E.2d 272, 281 (2002). "If alternative inferences are possible, the jury resolves the differences and determines which inferences are reasonably drawn." Id. at 354-55, 573 S.E.2d at 278.

In this case, the jury was entitled to determine whether Childress had the specific intent to escape from lawful custody by weighing the evidence and reasonable inferences that flow from proven facts. The record supports the jury's conclusion that Childress acted with the intent to escape when he damaged the ceiling of the bathroom. As stated above, this Court is bound by the factual determination that Childress caused the damage. The Commonwealth was not required to disprove every possible reason why Childress might have made the hole in the ceiling. See Holsapple v. Commonwealth, 39 Va. App. 522, 539, 574 S.E.2d 756, 764 (2003) (en banc) (finding that the Commonwealth "is not required to disprove every remote possibility of innocence, but is, instead, required only to establish guilt of the accused to the exclusion of a reasonable doubt" (citations omitted)). In Hughes v. Commonwealth, 18 Va. App. 510, 522, 446 S.E.2d 451, 459 (1994), this Court explained that the Commonwealth is only required to exclude hypotheses of intent that "reasonably flow from the evidence and not from the imagination of defendant's counsel." In Hughes, the appellant argued that the Commonwealth failed to exclude reasonable hypotheses that he may have abducted a child for an alternative reason than with the specific intent to defile her. Id. This Court found that a rational fact finder could have excluded

a hypothesis of alternative intent where there was "no basis in the evidence presented at trial." Id. at 523, 446 S.E.2d at 459.

Like the appellant's arguments in Hughes, Childress's alternative theories of intent are "fanciful suggestion[s]" that have no basis in the evidence presented to the jury. Id. While potential motivations for creating the damage other than for escape purposes are imaginable, Childress offered no evidence of an alternative intent at trial. Further, even if alternative inferences explaining Childress's conduct existed, it was within the province of the jury to determine what inferences are *reasonable*. See Pease, 39 Va. App. at 354-55, 573 S.E.2d at 278.

The Commonwealth's evidence demonstrated that there was no damage to the cell before Childress's detainment. Childress was the only person to use the bathroom before officers discovered the damage. During the twelve hours he was in the cell, he was in the bathroom several times for long periods. Two individuals heard loud banging noises coming from the bathroom while he was in there with the door closed. The noises stopped when an officer identified himself and addressed Childress through the door. Officers discovered a large hole in the ceiling within minutes of transferring Childress from the cell. The light fixture above the sink had been removed and the wires replaced in the ceiling. This is not consistent with intent to simply damage property. However, the removal of the light fixture is consistent with an intent to gain physical access to the hole created. Considering the covert nature of Childress's conduct, the size and location of the damage, and the fact that the evidence revealed no other explanation for why he created a one to two foot hole in the holding cell's bathroom ceiling, reasonable jurors could conclude beyond a reasonable doubt that his intention was to escape from custody.

Childress also argues that even if his intent to escape was demonstrated through circumstantial evidence, it was "successfully rebutted by the statements which the prosecution elicited from [him] during the sentencing phase." He submits that the Commonwealth did "an

- 4 -

end run around a *pro se* defendant's right not to testify" by reopening the issue of guilt at the sentencing phase. He argues without any supporting authority that because he "involuntarily" gave an explanation for the property damage—he was trying to reach some girls in a nearby cell—this Court should consider his statements in the interest of justice and fundamental fairness.

The Commonwealth correctly argues that because sentencing hearings are separate proceedings, the evidence presented at sentencing is not relevant to this Court's determination of whether the evidence considered by the jury in determining guilt was sufficient. See Kearney v. Commonwealth, 36 Va. App. 106, 108, 549 S.E.2d 1, 2 (2001) (explaining that a defendant cannot inject "residual doubt" about his guilt at the sentencing phase of the trial). Assuming arguendo that this Court considered his statement that his intent was merely to reach some girls in a nearby cell, that evidence is only further proof of his intent to escape from the cell.

This Court affirms the judgment of the trial court because the evidence supports a finding that Childress intended to escape from lawful custody when he damaged the ceiling of the holding cell's bathroom.

Affirmed.